2016 ND 46

**Kayla RATH, Plaintiff**

v.

**Mark RATH, Defendant and Appellant.**

No. 20150088.

Supreme Court of North Dakota.

Feb. 24, 2016.

Rehearing Denied March 23, 2016.

Kayla Rath, plaintiff; no appearance.

Mark A. Rath, Bismarck, N.D., defendant and appellant; on brief.

McEVERS, Justice.

[¶ 1] Mark Rath appeals from orders denying his various motions, including motions for orders to show cause, for an ex parte interim order to modify a judgment, and for recusal. We conclude the district court did not err in refusing to hold Kayla Rath in contempt, did not err in denying his request to modify the judgment, and did not err in conducting a hearing on his motions. We further conclude the court did not abuse its discretion in its award of attorney fees to Kayla Rath and in refus-

ing to recuse himself from this case. We affirm.

I

[¶ 2] In January 2013, Mark Rath and Kayla Rath were divorced. The divorce judgment awarded Kayla Rath primary residential responsibility for the parties' two children, and Mark received supervised parenting time at the Family Safety Center. Since entry of the divorce judgment, Mark Rath has filed numerous post-judgment motions in the district court, some of which have been previously addressed by this Court. *See Rath v. Rath,* 2015 ND 22, 861 N.W.2d 172; *Rath v. Rath,* 2014 ND 171, 852 N.W.2d 377; *Rath v. Rath,* 2013 ND 243, 840 N.W.2d 656.

[¶ 3] Mark Rath has continued making numerous motions in the district court, and the court has entered orders addressing those motions. In September 2014, Mark Rath moved the court for an order to show cause, again seeking to hold Kayla Rath in contempt and asserting she was frustrating his visitation and interfering with his telephone visitations. In November 2014, he filed a request for an ex parte interim order to modify the judgment. In December 2014, he filed what he captioned a "Challenge to Jurisdiction and Motion to Set Aside Void Orders." The court held a hearing on March 9, 2015. On the same day as the hearing, Mark Rath filed another motion seeking to hold Kayla Rath in contempt. He also moved the court for recusal. The court ultimately entered several orders denying his various requests for relief and also ordered him to pay attorney fees of $750.

[¶ 4] On March 20, 2015, Mark Rath filed a notice of appeal from an "order denying motion for order to show cause dated March 09, 2017 [sic], conclusion of law and order dated March 17, 2015, Order denying Order to show cause and motion

for recusal dated March 18, 2015." On the same day, he filed an "amended" notice of appeal, appealing from the "order denying motion for order to show cause dated March 17, 2017 [sic], conclusion of law and order dated March 17, 2015[,] Order denying Interim Order dated March 17, 2015, Order denying Order to show cause and motion for recusal dated March 18, 2015." On March 23, 2015, Mark Rath filed a "supplemental" notice of appeal, which, in addition to the orders previously identified in his amended notice, added the "Order denying Jurisdictional Challenge dated March 17, 2015," and "order denying demand for Jury Trial dated March 20, 2015."

II

[¶ 5] Mark Rath raises a number of issues on appeal. He argues the district court violated due process and statutory law by not holding Kayla Rath in contempt for "unilaterally" forcing his telephone calls with the children to be supervised and setting up visitation restrictions; the court's order denying his interim request to modify the judgment was a "misapplication of the order[']s intent and law"; and the court misinterpreted the judgment and the law in denying the interim request. He also asserts that forcing him and the children to be on speaker phone violates wiretapping and eavesdropping laws and the court erred when it failed to address Kayla Rath's alleged interference with the telephone calls to argue with him and her alleged "increasing frustrations on setting up visitations." He contends the court did not give him a full and fair hearing when it denied him calling Kayla Rath as a witness and erred in not having her attorney submit documentation of her attorney costs.

A

[¶ 6] Mark Rath argues the district court violated his due process rights

and statutory law by not holding Kayla Rath in contempt for "unilaterally" forcing his phone calls to be supervised and setting up visitation "restrictions."

[¶ 7] Our standard for reviewing the district court's decision whether to impose contempt sanctions is well established:

A party seeking a contempt sanction under N.D.C.C. ch. 27–10 must clearly and satisfactorily prove the alleged contempt was committed. *Berg v. Berg*, 2000 ND 37, ¶ 10, 606 N.W.2d 903; *Flattum–Riemers v. Flattum–Riemers*, 1999 ND 146, ¶ 5, 598 N.W.2d 499. "Under N.D.C.C. § 27–10–01.1(1)(c), '[c]ontempt of court' includes '[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer.'" *Harger v. Harger*, 2002 ND 76, ¶ 14, 644 N.W.2d 182. "To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order." *Harger*, at ¶ 14; *see also Berg*, at ¶ 10; N.D.C.C. § 27–10–01.1(4).... Determining whether a contempt has been committed lies within the district court's sound discretion, which will not be overturned on appeal absent an abuse of that discretion. *Millang v. Hahn*, 1998 ND 152, ¶ 7, 582 N.W.2d 665. "[A] court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law." *Id.*

*Rath*, 2014 ND 171, ¶ 6, 852 N.W.2d 377 (quoting *Sall v. Sall*, 2011 ND 202, ¶ 7, 804 N.W.2d 378). The district court has "broad discretion" in deciding whether to hold a person in contempt, and our review of a district court's contempt decision is "very limited." *Id.*

[¶ 8] Mark Rath argues the district court erred when it failed to address Kayla Rath's latest alleged interference with his telephone calls with the children and "increasing frustrations in setting up visitation." He argues that Kayla Rath has in effect modified the judgment, and the court has violated his due process rights by permitting this modification and not holding her in contempt. He contends the "unilateral" modifications demonstrate intentional interference and disregard for the court's decree. He also argues the divorce judgment says nothing about supervised telephone communications and that Kayla Rath has forced him into a schedule of visitation that she will not follow.

[¶ 9] After a hearing, the district court held Mark Rath failed to meet his burden to establish Kayla Rath had engaged in contempt. The court concluded that there was no credible evidence to indicate Kayla Rath intentionally violated the terms of the judgment as it relates to terminating or interfering with telephone conversations between him and the minor children; that Mark Rath did not produce any credible evidence to suggest Kayla Rath canceled and rescheduled visitation to intentionally interfere with his parenting time or to intentionally disobey the court's order; that no credible evidence indicates she intentionally withheld her new phone number from him in violation of the judgment; and that no evidence suggested Kayla Rath vilified him to the children or discussed legal matters in front of the children. The court held Mark Rath had "failed completely" to establish she willfully disobeyed the court's order. The court concluded that while Kayla Rath had been reasonable and respectful of the court's order, Mark Rath's motion bordered on being frivolous.

[¶ 10] Although Mark Rath disagrees with the district court's findings and conclusions, the court found no credible evidence established Kayla Rath intentionally

violated the terms of the judgment. Based on our review of the record, we conclude the court did not abuse its discretion in denying his contempt motions.

## B

[¶ 11] Mark Rath argues that the district court's order denying his interim request to modify the judgment was a "misapplication of the order['ls intent and law."

[¶ 12] Under N.D.C.C. § 14–05–22, the district court has continuing jurisdiction to modify parenting time. *See Hoverson v. Hoverson*, 2015 ND 38, ¶ 12, 859 N.W.2d 390; *Prchal v. Prchal*, 2011 ND 62, ¶ 10, 795 N.W.2d 693. "To modify [parenting time], the moving party must demonstrate a material change in circumstances has occurred since entry of the previous [parenting time] order and that the modification is in the best interests of the child." *Prchal*, at ¶ 11 (quoting *Dufner v. Trottier*, 2010 ND 31, ¶ 6, 778 N.W.2d 586). The district court's decision to modify parenting time is a finding of fact, which this Court will not reverse on appeal unless clearly erroneous. *Hoverson*, at ¶ 12; *Prchal*, at ¶ 11. To modify parenting time, "a material change of circumstances occurs when important new facts arise that were unknown at the time of the initial [parenting time] order." *Dufner*, at ¶ 7.

[¶ 13] Regarding Mark Rath's supervised parenting time, the parties' January 2013 divorce judgment states:

Until such time that Mark completes the Court ordered Domestic Violence Offender Treatment Program and the Court ordered Psychological Evaluation, Mark's parenting time shall consist of supervised parenting time at the Family Safety Center. . . . After Mark completes the Court ordered Domestic Violence Offender Treatment Program and

the Court ordered Psychological Evaluation, *he may file a motion to review his Parenting Time.* No motion is necessary if the parties agree to a revised Parenting time schedule.

(Emphasis added.)

[¶ 14] Here, although his motion was designated as seeking an "interim" order, the district court properly treated his motion as one to modify the divorce judgment to grant him additional and unsupervised parenting time with the parties' minor children, including overnight visitation. The court found, however, that he had failed to submit documentation that he completed the domestic violence course or a psychological evaluation into evidence at the hearing. The court further found that, even assuming he had completed these requirements, it would not amount to a material change in circumstances and there was no admissible evidence to suggest a modification was in the children's best interests.

[¶ 15] Mark Rath argues that the district court misinterpreted the judgment and the law in denying the interim request. He argues he was not required to show any material change in circumstance to modify parenting time because the judgment only required him to be supervised until he completed the two listed tasks. He asserts that once he completed the psychological evaluation and domestic violence treatment classes required under the divorce judgment, he could begin having unsupervised visitation but would have to agree with Kayla Rath on a schedule or motion the court. He also argues that he established a "prima facie" case to warrant a "re-visit to Joint residential responsibility."

[¶ 16] Although the divorce judgment states that Mark Rath may file a motion to review parenting time after he completes

"the Court ordered Domestic Violence Offender Treatment Program and the Court ordered Psychological Evaluation," he concedes on appeal that he did not submit the necessary evidence to the district court. He instead argues that the "requirement of the [p]sychological evaluation is only its completion not submission to the case" and "[t]he actual psychological evaluation is protected under HIPPA [sic] as it was not ordered as a part of this case." As the district court explained, however, "Mark's word is not legally sufficient." It appears the district court's reference to "not legally sufficient" goes to Mark Rath's credibility and is consistent with the court's previous findings. Furthermore, even if Mark Rath submitted sufficient evidence to meet the divorce judgment's requirements to review his parenting time, any parenting time modification must still be in the children's best interests.

[¶ 17] We conclude the district court did not err in denying his motion seeking to modify his parenting time.

### C

[¶ 18] Mark Rath argues that forcing him and the children to be on speaker phone for their telephone visitations violates state and federal wiretapping and eavesdropping laws. Mark Rath relies on federal statutes and caselaw that are not on point, and he has failed to show the relevance of such authorities to the present case. The district court specifically held that the judgment does not prohibit use of the speaker phone and it is not unreasonable for Kayla Rath to require using a speaker phone based on Mark Rath's history of domestic and verbal abuse. We conclude his argument on this issue is without merit.

### D

[¶ 19] Mark Rath argues the district court did not give him a full and fair hearing when it refused to allow him to call Kayla Rath as a witness.

[¶ 20] The district court has broad discretion in controlling the time allotted for a hearing. *See Mairs v. Mairs*, 2014 ND 132, ¶ 10, 847 N.W.2d 785; *Wahl v. Northern Improvement Co.*, 2011 ND 146, ¶ 6, 800 N.W.2d 700; *see also Manning v. Manning*, 2006 ND 67, ¶ 30, 711 N.W.2d 149 ("A district court has broad discretion over the presentation of evidence and the conduct of trial, but it must exercise its discretion in a manner that best comports with substantial justice."); *Hartleib v. Simes*, 2009 ND 205, ¶ 15, 776 N.W.2d 217 ("In exercising that discretion, the court may impose reasonable restrictions upon the length of the trial or hearing and upon the number of witnesses allowed."). A majority of this Court has also held the scope of a hearing often depends on whether the procedure is an action or a special proceeding. *See, e.g., Peters–Riemers v. Riemers*, 2001 ND 62, ¶ 13, 624 N.W.2d 83; *Sandbeck v. Rockwell*, 524 N.W.2d 846, 848–49 (N.D. 1994). Further, N.D.R.Civ.P. 43(b), provides that "[w]hen a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions."

[¶ 21] Mark Rath contends the district court's denial of allowing him even a brief examination of Kayla Rath at the hearing denied him due process and fundamental fairness. He asserts that he was entitled to a full evidentiary hearing with regard to the "modification" hearing. He also asserts the parties reserved the court for three hours and there was no reason Kayla Rath should not have been called as a witness, faulting the district court's stringent time frame. He contends his allegations were "serious" and he gave the court

ample notice of the allegations he was planning to bring up at "trial."

[¶ 22] While we have been provided only a partial transcript on appeal, the transcript shows Mark Rath testified in support of his motions and was cross-examined by Kayla Rath's attorney. After he finished his testimony and had been cross-examined, the district court indicated that he had taken his time for the hearing and the remaining time was allotted to Kayla Rath's attorney. When Mark Rath responded that he still had other witnesses to call, the court reiterated that he had used his time. Based on the court's questions to Mark Rath during his testimony, the court was clearly concerned that he had not established a factual basis for his motions, in that his testimony was general in nature and the court was looking for more specific evidence based on personal knowledge. The court at one point stated, "[T]his is not discovery by trial, discovery by hearing, that I'll find something if you give me enough time."

[¶ 23] Additionally, during the cross-examination, Mark Rath was initially evasive and then conceded that he may have been mistaken about the times or was mixing up dates for purported violations. He also conceded at the hearing that the district court had previously ruled on his speaker phone issue when a different judge was presiding, which had been affirmed on appeal to this Court. The district court ended the hearing, indicating the court had what it needed and took the matters under advisement.

[¶ 24] Although Mark Rath contends he was denied the opportunity for a full and fair hearing, the district court stated that Mark Rath had in fact "taken his time" with his own testimony. The court also stated that it was not appropriate to use the hearing as a substitute for discovery. Considering the nature and scope of the proceedings and Mark Rath's voluminous, repetitive filings, under these facts and circumstances, we conclude the district court did not abuse its discretion when it decided Mark Rath had used his allotted time during the hearing on his motions and refused to allow him to call Kayla Rath as a witness.

E

[¶ 25] Mark Rath argues the district court erred in awarding attorney fees without requiring her attorney to submit evidence of her attorney costs.

[¶ 26] Parties generally bear their own attorney fees absent statutory or contractual authority to the contrary. *Strand v. Cass Cty.*, 2008 ND 149, ¶ 9, 753 N.W.2d 872. However, as this Court explained in *Estate of Pedro v. Scheeler*, 2014 ND 237, ¶ 14, 856 N.W.2d 775:

The district court has authority to stem abuses of the judicial process, which comes not only from applicable rules and statutes, such as N.D.R.Civ.P. 11, but "from the court's inherent power to control its docket and to protect its jurisdiction and judgments, the integrity of the court, and the orderly and expeditious administration of justice." *Federal Land Bank v. Ziebarth*, 520 N.W.2d 51, 58 (N.D.1994). A district court has discretion under N.D.C.C. § 28–26–01(2) to decide whether a claim is frivolous and the amount and reasonableness of an award of attorney fees, but when the court decides a claim is frivolous, the court must award attorney fees. *See Strand v. Cass Cnty.*, 2008 ND 149, ¶¶ 12–13, 753 N.W.2d 872. "A claim for relief is frivolous under N.D.C.C. § 28–26–01(2) only if there is such a complete absence of actual facts or law a reasonable person could not have expected a court would render a judgment in that person's favor." *[In re] Estate of Dion,*

2001 ND 53, ¶ 46, 623 N.W.2d 720. We review the district court's decision under the statute for an abuse of discretion. *Id.*

Further, under N.D.C.C. § 28–26–31, an award of attorney fees is entirely within the district court's discretion. A court is authorized to award attorney fees for "[a]llegations and denials in any pleadings in court, made without reasonable cause and not in good faith, and found to be untrue." *Strand,* at ¶ 14 (quoting N.D.C.C. § 28–26–31).

[¶ 27] In its order denying Mark Rath's jurisdictional challenge and "motion to set aside void order," the district court ordered Mark Rath to pay Kayla Rath's attorney fees in the amount of $750. The court found his argument to be without merit and to have been previously addressed by the district court and this Court. *Rath v. Rath,* 2015 ND 22, ¶ 2, 861 N.W.2d 172. Specifically, the court stated:

> Mark's argument is without merit and has previously been addressed by this Court. [See DE # 497–Order]. The Court hereby adopts and incorporates the Order identified at DE # 497. Additionally, Mark's argument is moot as the Interim Order has been supplanted by the Final Judgment entered on January 23, 2013 [DE # 348]. Mark cannot continue to make the same Motion when the Court has rendered its legal reasoning denying the premise of the Motion.

Based on the language, it is clear the court found Mark Rath's motion to be frivolous and repetitious. The court also entered a restraining order barring him from filing further motions to similarly challenge the court's jurisdiction without the court's approval and prohibiting further motions to vacate the court's earlier interim order and final judgment.

[¶ 28] Mark Rath contends on appeal that, in response to Kayla Rath's request for attorney fees, he had specifically argued her attorney was either acting pro bono or at a reduced rate and that her attorney was obtained through legal aid of North Dakota. He also argues insufficient proof establishes $750 is a reasonable amount for attorney fees. Nonetheless, the district court is considered an expert in deciding a reasonable amount of attorney fees. *In re Estate of Ridl,* 455 N.W.2d 188, 194 (N.D.1990). We have also said, in the context of awarding attorney fees in a divorce case, that an attorney fees award may be "appropriate even in cases when the party is represented by a pro bono attorney." *Wanttaja v. Wanttaja,* 2016 ND 14, ¶ 33, 873 N.W.2d 911.

[¶ 29] In awarding the attorney fees, the district court specifically found his motions to be repetitive and completely without merit. We conclude the attorney fee amount awarded as a sanction based on Mark Rath's frivolous pleading was not excessive and was within the district court's expertise. We conclude the court did not abuse its discretion in its attorney fees award.

F

[¶ 30] Mark Rath argues the district court judge erred in not recusing himself from this case.

[¶ 31] "When making a recusal decision, a 'judge must determine whether a reasonable person could, on the basis of all the facts, reasonably question the judge's impartiality.'" *Datz v. Dosch,* 2014 ND 102, ¶ 16, 846 N.W.2d 724 (quoting *State v. Murchison,* 2004 ND 193, ¶ 13, 687 N.W.2d 725). In *Lund v. Lund,* 2011 ND 53, ¶ 14, 795 N.W.2d 318 (citations and quotation marks omitted), this Court explained:

> The law presumes a judge is unbiased and not prejudiced. *We have said [a]*

*ruling adverse to a party in the same or prior proceeding does not render a judge biased so as to require disqualification.* The test for the appearance of impartiality is one of reasonableness and recusal is not required in response to spurious or vague charges of impartiality.

(Emphasis added.) "Although a judge has a duty to recuse when required by the Code [of Judicial Conduct], a judge also has an equally strong duty not to recuse when the circumstances do not require recusal." *State v. Jacobson,* 2008 ND 73, ¶ 13, 747 N.W.2d 481 (quotation marks omitted). The district court's decision on a recusal motion is reviewed for an abuse of discretion. *Rath,* 2013 ND 243, ¶ 14, 840 N.W.2d 656.

[¶ 32] Mark Rath argues the district court's purported errors in the proceedings below demonstrate the judge was biased. He contends that he was barred from dealing with new issues that had arisen after his September 2014 motion based on the court's "improper" handling of the order to show cause. He argues he established grounds for his recusal motion when the court denied his motion to hold Kayla Rath in contempt, allegedly violating his right to due process, and denied his request for an interim motion. He argues the judge acted with prejudice in denying him closing statements and in refusing to allow him to call Kayla Rath as a witness at the hearing.

[¶ 33] The district court held that no evidence suggested recusal was mandatory and, therefore, denied his motion. On the basis of our review, the grounds presented on appeal do not establish bias so as to require the district court judge's recusal, but rather are predominantly based on the court's adverse rulings against Mark Rath in the proceedings below. We conclude Mark Rath failed to establish the district court abused its discretion in refusing to recuse in this case.

III

[¶ 34] We have considered Mark Rath's remaining issues and arguments and conclude they are either unnecessary to our decision or without merit. The district court orders are affirmed.

[¶ 35] GERALD W. VANDE WALLE, C.J., JOEL D. MEDD, S.J., DANIEL J. CROTHERS and CAROL RONNING KAPSNER, JJ., concur.

[¶ 36] The Honorable JOEL D. MEDD, S.J., sitting in place of SAND-STROM, J., disqualified.