2016 ND 157

**Vineca Ann PETERSON, Plaintiff and Appellee**

v.

**Robert Lee PETERSON, Defendant and Appellant.**

No. 20150363.

Supreme Court of North Dakota.

July 26, 2016.

Lynn M. Boughey, Bismarck, ND, for plaintiff and appellee.

James M. Cailao, Fargo, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Robert Peterson appeals from a district court order finding him in contempt of court for failing to pay spousal support. Robert Peterson argues the district court erred finding him in contempt, not modifying the spousal support obligation and awarding attorneys fees. The district court order is affirmed.

I

[¶ 2] Robert and Vineca Peterson divorced in 1996. The district court ordered Robert Peterson to pay spousal support of $1,500 per month until Vineca Peterson either died or remarried. In January 2015 Vineca Peterson petitioned the district court to find Robert Peterson in contempt for failing to pay spousal support since September 2014. Robert Peterson filed a cross-motion seeking reduction or termination of his spousal support obligation. The district court found Robert Peterson in contempt for failing to pay spousal support, denied his request to modify or eliminate the support obligation and ordered him to reimburse Vineca Peterson's attorneys fees. Robert Peterson appeals.

II

[¶ 3] Robert Peterson argues the district court erred finding him in contempt for failing to pay spousal support.

" 'In a civil contempt proceeding, a complainant must clearly and satisfactorily show that the alleged contempt has been committed. Civil contempt requires a willful and inexcusable intent to violate a court order. When reviewing a contempt sentence, the ultimate determination of whether or not a contempt has been committed is within the trial court's sound discretion. A trial court's finding of contempt will not be overturned unless there is a clear abuse of discretion. An abuse of discretion occurs when the trial court acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law.' "

*Montgomery v. Montgomery*, 2003 ND 135, ¶ 18, 667 N.W.2d 611 (quoting *BeauLac v. BeauLac*, 2002 ND 126, ¶ 10, 649 N.W.2d 210).

[¶ 4] The applicable standards for seeking sanctions for contempt are:

"A party seeking a contempt sanction under N.D.C.C. ch. 27–10 must clearly and satisfactorily prove the alleged contempt was committed. Under N.D.C.C § 27–10–01.1(1)(c), contempt of court includes intentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer. To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law."

*Sall v. Sall*, 2011 ND 202, ¶ 7, 804 N.W.2d 378 (internal citations and quotation marks omitted).

[¶ 5] We note that even if a party is unable to comply with the support order, it is not appropriate to simply ignore the order until, as here, the person to whom the support is ordered to be paid brings an action for contempt for failure to pay the court-ordered support. "Where a court has issued an order, even if erroneous, the party to whom the order was issued must obey it as long as it remains in force or until it is reversed, modified or set aside on appeal, and the failure to obey such an order is punishable as contempt of court." *Flattum–Riemers v. Flattum–Riemers,* 1999 ND 146, ¶ 11, 598 N.W.2d 499. If Robert Peterson believed he could no longer pay the court-ordered support, the appropriate procedure would have been to immediately move the court to abolish or reduce the court-ordered support based on change of circumstances, not, as Robert did, to unilaterally cease making the required payments.

[¶ 6] "An inability to comply with an order is a defense to contempt proceedings, but the alleged contemnor has the burden to prove the defense." *Prchal v. Prchal,* 2011 ND 62, ¶ 5, 795 N.W.2d 693. The trial court has "broad discretion in deciding whether to hold a person in contempt...." *Woodward v. Woodward,* 2009 ND 214, ¶ 6, 776 N.W.2d 567. "Our review of a trial court's contempt decision is therefore limited to whether the court abused its discretion." *Krueger v. Krueger,* 2013 ND 245, ¶ 18, 840 N.W.2d 613.

[¶ 7] Robert Peterson argues the trial court erred finding him in contempt for failing to pay spousal support. He maintains the evidence at the hearing revealed he was unable, rather than unwilling, to pay the support due to his retirement. Although disputed, evidence supports the district court's findings of fact that Robert Peterson had sufficient income in 2014 to pay spousal support and chose to direct that income elsewhere.

[¶ 8] Robert Peterson offered evidence his income declined when he retired, but the district court found the sale of a home in Texas for a profit of $49,000 would have provided 16 months of spousal support to Vineca Peterson. The district court found Robert Peterson paid $2,750 for landscaping in November 2014 and $6,893.76 for a Cabela's Visa bill in October 2014, which would have allowed for another 6 months of spousal support to Vineca Peterson. The district court also found Robert Peterson gifted 100 acres of land in Montana to his second wife without reason to do so. The district court found a sale of the Montana acreage, valued at approximately $100,000, would have provided for over 5 years of spousal support to Vineca Peterson.

[¶ 9] Evidence supports the district court's finding that Robert Peterson had funds to pay his spousal support obligation in 2014 and 2015. The district court did not act in an arbitrary, unreasonable or unconscionable manner, nor did it misinterpret or misapply the law. We conclude the district court did not abuse its discretion in holding Robert Peterson in contempt of failing to pay spousal support to Vineca Peterson.

III

[¶ 10] Robert Peterson argues the district court erred refusing to eliminate his spousal support obligation because his retirement was a material change in circumstances. Section 14–05–24.1(1), N.D.C.C., provides: "Taking into consideration the circumstances of the parties, the court may require one party to pay spousal support to the other party for a limited period of time in accordance with this section. The court may modify its spousal support orders." Our standard for

reviewing a trial court's decision on a party's motion to modify a spousal support award is well established:

" 'When the original divorce judgment includes an award of spousal support, the district court retains jurisdiction to modify the award. The party seeking modification of spousal support bears the burden of proving there has been a material change in the financial circumstances of the parties warranting a change in the amount of support. The district court's determination whether there has been a material change in circumstances warranting modification of spousal support is a finding of fact and will be set aside on appeal only if it is clearly erroneous.

A material change is a change that substantially affects the financial abilities or needs of the parties and that was not contemplated by the parties at the time of the original decree. In assessing whether a material change has occurred, the reasons for changes in the parties' income or needs must be examined, as well as the extent to which the changes were contemplated by the parties at the time of the initial decree. Not every change in the parties' financial circumstances justifies modification of spousal support, and no modification is warranted when the change is self-induced.' "

*Schulte v. Kramer*, 2012 ND 163, ¶ 10, 820 N.W.2d 318 (quoting *Rothberg v. Rothberg*, 2007 ND 24, ¶ 6, 727 N.W.2d 771).

[¶ 11] A district court's decision whether a material change in circumstances existed to warrant modifying spousal support presents a finding of fact, subject to the clearly erroneous standard of review. *Krueger*, 2013 ND 245, ¶ 7, 840 N.W.2d 613. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after review of the entire record, we are left with a definite and firm conviction a mistake has been made." *Id.*

[¶ 12] The district court found Robert Peterson failed to present evidence that his retirement was not anticipated at the time of the original agreement. We are concerned about the district court's statement that Robert Peterson's retirement is not a new fact or cannot be a material change in financial circumstances because it was discussed during the divorce proceedings. Such a broad application of the "material change" law seemingly would prevent modification any time a 401k or IRA account was involved or future retirement was mentioned in passing. Here, we need not determine whether retirement was anticipated and litigated during the divorce because the district court independently found Robert Peterson had the current ability to pay his support obligations.

[¶ 13] The court relied on Robert Peterson's 2014 tax return which showed an income of $210,861 and a 2015 tax return which showed an income in excess of $75,000 per year, which is nearly the same as his income when support was ordered originally. Additionally, the court considered Robert Peterson's potential for additional income through his business and retirement accounts, which included $350,000 to $400,000 at the time of the hearing. The court found that since 2009 Robert Peterson spent over $700,000 building a home in Montana. The court concluded Robert Peterson had sufficient income to pay spousal support to Vineca Peterson but knowingly and voluntarily expended assets elsewhere in an effort "to escape his obligation under the divorce judgment."

[¶ 14] Evidence existed that Vineca Peterson had a need for the spousal support. Although Robert Peterson provided some evidence of reduced income, the district

court found the reduction did not prevent him from paying his spousal support obligation. The district court's finding that Robert Peterson's net income was sufficient to pay the monthly spousal support obligation. was not clear error. The district court's decision finding no material change of circumstances. was supported by the evidence. We conclude the district court did not err denying Robert Peterson's motion to eliminate or reduce his spousal support obligation.

## IV

[¶ 15] Robert Peterson asserts the district court abused its discretion awarding attorneys fees to Vineca Peterson. Under N.D.C.C. § 27–10–01.4(1)(a), the court may impose the following as a remedial sanction for contempt:

"Payment of a sum of money sufficient to compensate a party or complainant, other than the court, for a loss or injury suffered as a result of the contempt, including an amount to reimburse the party for costs and expenses incurred as a result of the contempt."

"The [district] court, in its discretion, may award attorneys fees as part of the compensation to the complainant in contempt proceedings as reimbursement for costs and expenses incurred as a result of the contempt." *Lauer v. Lauer*, 2000 ND 82, ¶ 11, 609 N.W.2d 450. There is no evidence of an abuse of discretion by the district court in awarding attorneys fees of $5,000 to Vineca Peterson for the proceedings.

## V

[¶ 16] The district court order finding Robert Peterson in contempt, denying his request to modify spousal support and awarding Vineca Peterson attorneys fees is affirmed.

[¶ 17] GERALD W. VANDE WALLE, C.J., ROBIN A. SCHMIDT, D.J., LISA FAIR McEVERS and DALE V. SANDSTROM, JJ., concur.

[¶ 18] The Honorable ROBIN A. SCHMIDT, D.J., sitting in place of KAPSNER, J., disqualified.