2016 ND 251

**Christine Rasmussen HARVEY,
Plaintiff and Appellee**

v.

**Jerry HARVEY, Defendant
and Appellant**

**No. 20160219**

Supreme Court of North Dakota.

Filed 12/20/2016

Leah J. duCharme (argued) and Christel A. Croxen (appeared), Insight Professional Offices, Fargo, ND, for plaintiff and appellee.

James R. Brothers, Fargo, ND, for defendant and appellant.

VandeWalle, Chief Justice.

[¶ 1] Jerry Harvey appealed from a district court order and second amended judgment finding him in contempt and modifying his parenting time. We affirm those parts of the judgment finding Harvey in contempt and modifying his parenting time, but we reverse and remand the district court's order of attorney's fees.

## I

[¶ 2] Harvey and Christine Rasmussen Harvey divorced in January 2014. The parties have three minor children together, and Rasmussen was awarded primary residential responsibility of the children. In December 2015, Rasmussen moved to modify Harvey's parenting time and requested the court find Harvey in contempt. In April 2016, the district court granted Rasmussen's motion, modified Harvey's parenting time, found Harvey was in contempt, and ordered Harvey pay Rasmussen's attorney's fees and costs.

## II

[¶ 3] Harvey argues the district court erred by finding him in contempt and amending the parties' parenting plan to reduce his parenting time. He contends the court's findings are not sufficient to support its decision.

[¶ 4] The district court has broad discretion in deciding whether contempt has been committed, and the court's decision will not be overturned on appeal unless there is a clear abuse of discretion. *Peterson v. Peterson*, 2016 ND 157, ¶¶ 3, 6, 883 N.W.2d 449. A district court's decision to modify parenting time is a finding of fact, subject to the clearly erroneous standard of review. *Schurmann v. Schurmann*, 2016 ND 69, ¶ 8, 877 N.W.2d 20. "A district court must adequately explain the evidentiary and legal basis for its decision, allowing the parties and this Court to understand the decision." *Curtiss v. Curtiss*, 2016 ND 197, ¶ 13, 886 N.W.2d 565 (quoting *In re Estate of Nelson*, 2015 ND 122, ¶ 13, 863 N.W.2d 521). The court's findings are sufficient if they afford a clear understanding of the court's decision and assist this Court in conducting its review. *Topolski v. Topolski*, 2014 ND 68, ¶ 7, 844 N.W.2d 875.

[¶ 5] The district court's findings are not a model, but they are sufficient to discern the factual basis for the court's decision. After reviewing the entire record, we conclude the district court did not abuse its discretion by finding Harvey in contempt and the court's decision to modify Harvey's parenting time is not clearly erroneous.

We summarily affirm the district court's contempt and parenting time decisions under N.D.R.App.P. 35.1(a)(2) and (4).

## III

[¶ 6] Harvey argues the district court abused its discretion by ordering him to pay Rasmussen's attorney's fees and costs. He contends the court was required to consider the parties' needs and ability to pay, but the court did not consider Rasmussen's need.

[¶ 7] The district court has discretion to award attorney's fees as part of a remedial sanction for contempt to reimburse the complainant for costs and expenses incurred as a result of the contempt. *Peterson*, 2016 ND 157, ¶ 15, 883 N.W.2d 449; N.D.C.C. § 27–10–01.4(1)(a). The court also has discretion to award attorney's fees in divorce actions under N.D.C.C. § 14–05–23, but the court must balance one party's needs against the other party's ability to pay. *Larson v. Larson*, 2016 ND 76, ¶ 32, 878 N.W.2d 54. In balancing the parties' needs and ability to pay, the district court should consider "the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party unreasonably increased the time spent on the case." *Wanttaja v. Wanttaja*, 2016 ND 14, ¶ 31, 873 N.W.2d 911 (quoting *Reiser v. Reiser*, 2001 ND 6, ¶ 15, 621 N.W.2d 348). An award of attorney's fees requires specific findings supported by evidence of the parties' financial conditions and needs. *Id.* An award will not be reversed on appeal unless the court abuses its discretion. *Martinson v. Martinson* 2010 ND 110, ¶ 15, 783 N.W.2d 633. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination. *Id.*

[¶ 8] The district court ordered Harvey pay Rasmussen $25,610 to reimburse her attorney's fees and costs under N.D.C.C. §§ 27–10–01.4(1) and 14–05–23. The court explained, "Considering [Harvey's] conduct since the divorce, his award of two-thirds of the marital estate, the fact he does not have a child support obligation to [Rasmussen], and the fact that he currently receives the Social Security benefits on behalf of the minor children, [Harvey] has the financial ability to pay the fees and costs set forth in this Order."

[¶ 9] The district court ordered attorney's fees and costs under both N.D.C.C. §§ 27–10–01.4(1) and 14–05–23. The court did not separate the attorney's fees and costs for the contempt from the attorney's fees and costs for the modification of parenting time. The court found Harvey has the ability to pay Rasmussen's costs and fees, but did not make any findings about Rasmussen's need. The court ordered costs and attorney's fees under both the contempt and divorce statutes, but did not provide the required analysis for attorney's fees under N.D.C.C. § 14–05–23. Because the court did not award attorney's fees only for the contempt and it did not make any findings about Rasmussen's need, its findings are insufficient and we are unable to perform our appellate function. *See Datz v. Dosch*, 2014 ND 102, ¶ 23, 846 N.W.2d 724 (holding the court abused its discretion because it only made findings on the party's ability to pay without balancing the other party's need); *Deyle v. Deyle*, 2012 ND 248, ¶ 23, 825 N.W.2d 245 (remanding for reconsideration and an explanation after holding the district court did not adequately explain its decision). Therefore, we reverse the district court's order of attorney's fees and costs and re-

mand for reconsideration and further findings.

## IV

[¶ 10] Rasmussen's request for attorney's fees for this appeal under N.D.C.C. § 14–05–23 is denied. We affirm the portions of the district court's judgment finding Harvey in contempt and modifying Harvey's parenting time, but we reverse and remand the court's order of attorney's fees and costs.

[¶ 11] Dale V. Sandstrom

Carol Ronning Kapsner

Lisa Fair McEvers

Crothers, Justice, concurring in part and dissenting in part.

[¶ 12] I concur with the portion of the majority opinion that affirms finding Jerry Harvey in contempt and modifying his parenting time. I respectfully dissent from that part reversing the district court's order of attorney's fees.

[¶ 13] Undisputedly, the district court has discretion in actions like this to award attorney's fees. Here the district court exercised that discretion and awarded attorney's fees to Rasmussen, citing both N.D.C.C. § 27–10–01.4(1)(a) (remedial sanctions) and N.D.C.C. § 14–05–23 (attorney's fees in divorce action). *Majority*, at ¶ 7. As the majority notes, attorney's fees awarded under N.D.C.C. § 27–10–01.4(1)(a) as a remedial sanction does not require analysis of need and ability to pay. *See id.* Conversely, "the court must balance one party's needs against the other party's ability to pay" before awarding attorney's fees under N.D.C.C. ch. 14-05. *Id.* (citing *Larson v. Larson*, 2016 ND 76, ¶ 32, 878 N.W.2d 54).

[¶ 14] The majority reverses because the district court cited both N.D.C.C. § 27–10–01.4(1)(a) and N.D.C.C. § 14–05–23 without finding Rasmussen's need for attorney's fees (but did make findings on Harvey's ability to pay). *Majority*, at ¶ 9. In general, I agree more robust findings should have been provided explaining the factual grounds supporting the legal basis cited by the court. However, I cannot agree with the majority's disposition because it ignores our long-standing philosophy of affirming a correct result reached on incorrect reasoning. *See Thompson v. State*, 2016 ND 101, ¶ 35, 879 N.W.2d 93 ("While the majority reverses and remands for the district court to appropriately analyze the second prong of the *Strickland* test, we may affirm the district court on any ground before it."); *State v. Otto*, 2013 ND 239, ¶ 7, 840 N.W.2d 589 ("Although the district court upheld the search on the basis of a safety sweep, we may affirm the district court on any basis properly before it."); *State v. Ramsey*, 2005 ND 42, ¶ 12, 692 N.W.2d 498 ("This Court will not set aside a correct result merely because the district court assigned an incorrect reason, if the result is the same under the correct law and reasoning."); *First Nat'l Bank of Belfield v. Burich*, 367 N.W.2d 148, 154 (N.D. 1985) ("A correct outcome will not be set aside merely because the trial court assigned an incorrect reason for its decision....").

[¶ 15] Here, the district court awarded attorney's fees as a remedial sanction under N.D.C.C. § 27–10–01.4(1)(a). No finding of need or ability to pay is required. Therefore, we should affirm the district court's attorney fee award under N.D.C.C. § 27–10–01.4(1)(a) without engaging the parties and the district court in the superfluous exercise of either finding Rasmussen's need for Harvey to pay her attor-

ney's fees or simply deleting the citation to N.D.C.C. § 14–05–23.