Jensen, Justice.
[¶ 1] Mark Rath appeals from an order denying his motion to amend the parties' parenting time schedule to allow an overnight, out-of-state family vacation during the summer of 2018 and awarding attorney fees to Kayla Rath. He argues the district court improperly denied his motion to amend the parties' parenting time schedule and abused its discretion in awarding attorney fees. Mark Rath further asserts the trial judge acted prejudicially and with bias, warranting immediate recusal and relief through this Court's issuance of a supervisory writ. We affirm the district court's denial of his motion to amend the parties' parenting time schedule, reverse the court's award of attorney fees, and deny his request for a supervisory writ.
I
[¶ 2] In January 2013, Mark Rath and Kayla Rath, now known as Kayla Jones, were divorced. The divorce judgment awarded Kayla Rath primary residential responsibility for the parties' two children, and Mark Rath received supervised parenting time. Mark Rath has since filed numerous post-judgment motions, some of which this Court has addressed. See Rath v. Rath , 2017 ND 138, 895 N.W.2d 315 ; Rath v. Rath , 2017 ND 128, 895 N.W.2d 306 ; Rath v. Rath , 2016 ND 105, 879 N.W.2d 735 ; Rath v. Rath , 2016 ND 83, 878 N.W.2d 85 ; Rath v. Rath , 2016 ND 46, 876 N.W.2d 474 ; Rath v. Rath , 2015 ND 22, 861 N.W.2d 172 ; Rath v. Rath , 2014 ND 171, 852 N.W.2d 377 ; Rath v. Rath , 2013 ND 243, 840 N.W.2d 656.
[¶ 3] In October 2016, Mark Rath moved the district court to amend the divorce judgment, seeking either a shared parenting plan or unsupervised parenting time. After an April 2017 hearing, the court entered a second amended judgment, granting Kayla Rath sole decision-making responsibility for the children and allowing Mark Rath, among other things, unsupervised parenting time. He also appealed the second amended judgment and other various orders. Rath v. Rath , No. 20170239.
[¶ 4] In August 2017, while a prior appeal in Rath v. Rath , No. 20170239 was pending and after receiving permission from this Court, Mark Rath moved the district court to amend the parenting plan to allow overnight parenting time for a ten-day, out-of-state family vacation in the summer of 2018. Kayla Rath opposed the motion asserting safety concerns. In October 2017, the district court held a hearing and subsequently entered an order on October 27, 2017, denying Mark Rath's request. The court also concluded his motion was frivolous and awarded Kayla Rath attorney fees.
[¶ 5] This Court granted Mark Rath permission to file a motion for reconsideration of the October 27, 2017 district court order; permission was required because this Court still had jurisdiction over the case pursuant to the pending appeal in Rath v. Rath , No. 20170239. On October 29, 2017, *669 Mark Rath filed a motion seeking recusal of the trial judge and reconsideration of the October 27, 2017 district court order. In an order dated November 27, 2017, the district court refused to address Mark Rath's recusal motion, since this Court had not granted permission for him to file it, and denied his reconsideration motion. On November 29, 2017, Mark Rath filed a notice of appeal, limited to an appeal of the October 27, 2017 order.
II
[¶ 6] Mark Rath appeals the district court's denial of his motion seeking to modify the parties' parenting time schedule to allow him to take his children on a family vacation during the summer of 2018. Under N.D.C.C. § 14-05-22, the district court has continuing jurisdiction to modify parenting time after entry of the divorce judgment. Votava v. Votava , 2015 ND 171, ¶ 13, 865 N.W.2d 821. Section 14-05-22(2), N.D.C.C., provides "the court, upon request of the other parent, shall grant such rights of parenting time as will enable the child to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that such rights of parenting time are likely to endanger the child's physical or emotional health." To modify parenting time, the moving party must show that a material change in circumstances has occurred since entry of the previous parenting time order and that the modification is in the child's best interests. Votava , at ¶ 13 ; see also Rath , 2016 ND 46, ¶ 12, 876 N.W.2d 474 ; Prchal v. Prchal , 2011 ND 62, ¶ 11, 795 N.W.2d 693. "A material change in circumstances is an important new fact that was not known at the time of the prior [order]." Siewert v. Siewert , 2008 ND 221, ¶ 17, 758 N.W.2d 691. Whether a material change in circumstances has occurred is a finding of fact, reviewed under the clearly erroneous standard. Prchal , at ¶ 11.
[¶ 7] A district court's decision resolving a motion to modify parenting time is a finding of fact, subject to the clearly erroneous standard of review. Harvey v. Harvey , 2016 ND 251, ¶ 4, 888 N.W.2d 543 ; Schurmann v. Schurmann , 2016 ND 69, ¶ 8, 877 N.W.2d 20. "[A] district court must adequately explain the evidentiary and legal basis for its decision, allowing the parties and this Court to understand the decision." Curtiss v. Curtiss , 2016 ND 197, ¶ 13, 886 N.W.2d 565 (quoting Estate of Nelson , 2015 ND 122, ¶ 13, 863 N.W.2d 521 ). "The court's findings are sufficient if they afford a clear understanding of the court's decision and assist this Court in conducting its review." Harvey , at ¶ 4 (citing Topolski v. Topolski , 2014 ND 68, ¶ 7, 844 N.W.2d 875 ).
[¶ 8] The district court found that Mark Rath has engaged in only a few months of unsupervised parenting time after five years of supervised parenting time. The court specifically found that the limited amount of unsupervised parenting time exercised by Mark Rath was insufficient to support a finding that the best interests of the children would be met if the requested parenting time modification was granted. The court found that there were insufficient reasons for granting the motion twelve to fifteen months prior to the anticipated event given the limited amount of unsupervised parenting time.
[¶ 9] We conclude the district court adequately explained the evidentiary and legal basis for its decision to deny Mark Rath's request for modification of his parenting time. The court's findings were not clearly erroneous, and we affirm the denial of Mark Rath's motion to modify his parenting time.
III
[¶ 10] Mark Rath asserts that the district court abused its discretion in *670 awarding attorney fees. The court awarded Kayla Rath a recovery of the attorney fees she incurred responding to the motion to modify the parties' parenting time schedule after the court determined that the motion was frivolous. This Court has discussed the various sources of a district court's authority to impose sanctions for frivolous pleadings:
The district court has authority to stem abuses of the judicial process, which comes not only from applicable rules and statutes, such as N.D.R.Civ.P. 11, but "from the court's inherent power to control its docket and to protect its jurisdiction and judgments, the integrity of the court, and the orderly and expeditious administration of justice." Federal Land Bank v. Ziebarth , 520 N.W.2d 51, 58 (N.D. 1994). A district court has discretion under N.D.C.C. § 28-26-01(2) to decide whether a claim is frivolous and the amount and reasonableness of an award of attorney fees, but when the court decides a claim is frivolous, the court must award attorney fees. See Strand v. Cass Cnty. , 2008 ND 149, ¶¶ 12-13, 753 N.W.2d 872. "A claim for relief is frivolous under N.D.C.C. § 28-26-01(2) only if there is such a complete absence of actual facts or law a reasonable person could not have expected a court would render a judgment in that person's favor." Estate of Dion , 2001 ND 53, ¶ 46, 623 N.W.2d 720.
Estate of Pedro , 2014 ND 237, ¶ 14, 856 N.W.2d 775. The district court has previously warned Mark Rath of the consequences under N.D.R.Civ.P. 11 for filing frivolous litigation. See Rath , 2016 ND 105, ¶ 7, 879 N.W.2d 735.
[¶ 11] The district court found that Mark Rath has engaged in conduct that has resulted in a "constant barrage" of filings. The filings are so numerous that the prior trial judge had allowed Kayla Rath to forego a response to the filings until after the court had reviewed the filings and requested a response. The court noted that the current motion was filed only three months after the latest parenting plan issued by the court and twelve to fifteen months before the planned vacation. The court also noted Mark Rath's bullying behavior and other improper conduct. Based on those findings, the court concluded that Mark Rath's motion was intended to harass and injure Kayla Rath.
[¶ 12] The district court's findings with regard to Mark Rath's prior behavior are accurate. However, the motion to modify parenting time to allow Mark Rath to have an extended summer vacation with the children is not without some supportive facts and law. The parties' relationship is governed by their significant animosity for each other. As noted by the court, the parties have difficulty communicating in a civil manner. A reasonable person could believe that court intervention would be required to obtain a modification of the parties' parenting plan. Also, the denial of the modification was based, at least in part, on the timing of the motion and a finding of the district court that there had been insufficient unsupervised parenting time to allow a determination that the modification would be in the children's best interests.
[¶ 13] While we agree the district court's denial of the requested modification was not clearly erroneous, Mark Rath's motion did not have such a "complete absence of actual facts or law" that a reasonable person could not have expected the district court to render a decision in his favor. See Estate of Pedro , 2014 ND 237, ¶ 14, 856 N.W.2d 775. With regard to this specific motion, we conclude the district court abused its discretion in finding his motion was frivolous and, therefore, erred in awarding Kayla Rath a recovery of her *671 attorney fees. We reverse the court's award of attorney fees.
IV
[¶ 14] Mark Rath seeks a supervisory writ requiring the recusal of the assigned trial judge asserting that the judge is biased and prejudiced against him. This Court's authority to issue supervisory writs derives from N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04. It is discretionary authority, and this Court determines whether it should exercise its original jurisdiction to issue remedial writs on a case-by-case basis. Roe v. Rothe-Seeger , 2000 ND 63, ¶ 5, 608 N.W.2d 289. Supervisory jurisdiction is generally not exercised where the proper remedy is an appeal. Id. "We exercise our authority to issue supervisory writs rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases in which there is no adequate alternative remedy." Id.
[¶ 15] A trial judge's decision not to recuse from further proceedings may be raised on appeal. See Rath , 2016 ND 46, ¶ 31, 876 N.W.2d 474. Although this Court had only granted Mark Rath permission to file a motion for reconsideration, he also moved for recusal of the judge. Permission to file the motion was required because this Court had jurisdiction over the case pursuant to the pending appeal in Rath v. Rath , No. 20170239. Nevertheless, nothing in the record suggests that the trial judge is biased or prejudiced, and nothing in the record suggests that this is an extraordinary case in which this Court must exercise its discretion to prevent injustice. His request for a supervisory writ is denied.
V
[¶ 16] The district court's order is affirmed to the extent it denies Mark Rath's August 2017 motion to amend the parties' parenting schedule, but the order's award of attorney fees is reversed. We deny his request for a supervisory writ.
[¶ 17] Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Gerald W. VandeWalle, C.J.