# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 19

Karley Anderson,                                        Plaintiff and Appellant

v.

Seth Pedie,                                             Defendant and Appellee

and

State of North Dakota,                        Statutory Real Party in Interest

## No. 20210147

Appeal from the District Court of Bottineau County, Northeast Judicial District, the Honorable Michael P. Hurly, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Erica L. Chisholm, Wahpeton, N.D., for plaintiff and appellant.

Tressie C. Brazil, Fargo, N.D., for defendant and appellee.

**Tufte, Justice.**

[¶1]   Karley Anderson appeals from an order denying her motion to modify residential responsibility and from a contempt order awarding attorney's fees to Seth Pedie. Anderson argues the district court erred by concluding she failed to establish a prima facie case for modification entitling her to an evidentiary hearing, and awarding attorney's fees in excess of the amount requested. Pedie requests sanctions against Anderson for violating the North Dakota Rules of Appellate Procedure. We affirm the order denying Anderson's motion to modify residential responsibility and the contempt order awarding attorney's fees, and deny sanctions on appeal.

I

[¶2]   Anderson and Pedie are parents to one minor child, W.D.P. After ending their relationship, both parents sought primary residential responsibility of W.D.P. In February 2020, after a bench trial, the district court entered its findings of fact, conclusions of law, and order for judgment awarding Pedie primary residential responsibility, subject to Anderson's right to reasonable parenting time. The court ordered the parents to share in decision-making responsibility for educational, medical, and religious decisions. Judgment was entered accordingly.

[¶3]   In October 2020, Pedie moved the court for an order finding Anderson in contempt, arguing she had violated various provisions of the judgment. He requested attorney's fees in the amount of $1,500 as a sanction. In December 2020, Anderson moved to modify primary residential responsibility, contending Pedie neglected W.D.P.'s physical and emotional health and developmental needs. The district court denied Anderson's motion to modify primary residential responsibility without an evidentiary hearing, concluding she failed to make a prima facie case for modification. The court found Anderson in contempt of court for failing to notify Pedie of medical appointments and

1

providing false allegations to medical professionals of harm to W.D.P. The court awarded Pedie attorney's fees in the amount of $2,000.

## II

[¶4]   Anderson argues she was entitled to an evidentiary hearing because she established a prima facie case for modification of primary residential responsibility. "Whether a party presented a prima facie case for a change of primary residential responsibility is a question of law, which this Court reviews de novo." *Schumacker v. Schumacker*, 2011 ND 75, ¶ 6, 796 N.W.2d 636.

[¶5]   Anderson's motion to modify primary residential responsibility was made within two years of the date of entry of the order granting Pedie primary residential responsibility, which triggers the heightened requirements of N.D.C.C. § 14-09-06.6(1), (3), (5), which provide in relevant part:

> 1. Unless agreed to in writing by the parties, or if included in the parenting plan, no motion for an order to modify primary residential responsibility may be made earlier than two years after the date of entry of an order establishing primary residential responsibility, except in accordance with subsection 3.
>
> . . . .
>
> 3. The time limitation in subsections 1 and 2 does not apply if the court finds:
>
>> . . . .
>>
>> b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development[.]
>
> . . . .
>
> 5. The court may not modify the primary residential responsibility within the two-year period following the date of entry of an order establishing primary residential responsibility unless the court

finds the modification is necessary to serve the best interests of the child and:

> . . . .

> b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development[.]

[¶6] Anderson argues the district court analyzed the modification of primary residential responsibility under the more lenient requirements of N.D.C.C. § 14-09-06.6(6) (requiring a material change in circumstances), which applies if a modification is sought after two years following the date of an order establishing primary residential responsibility. Although the court acknowledged the heightened standard applied, the court, at least in part, applied the changed circumstances standard. However, we "will not set aside a correct result merely because an incorrect, more relaxed standard was applied, if the result is the same under the correct law and reasoning." *State ex rel. D.D. v. G.K.*, 2000 ND 101, ¶ 6, 611 N.W.2d 179. Thus, the court's application of the changed circumstances standard alone is not reversible error, and we must review the modification motion under the heightened requirements of N.D.C.C. § 14-09-06.6(1), (3), (5).

[¶7] The district court "shall consider the motion [to modify primary residential responsibility] on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification." N.D.C.C. § 14-09-06.6(4). The court shall set an evidentiary hearing only if the moving party has established a prima facie case. *Id.*

> A prima facie case only requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed. A prima facie case is only enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor. It is a bare minimum. Allegations alone do not establish a prima facie case, and affidavits supporting the motion for modification must include competent information, which usually requires the affiant have first-hand knowledge. Affidavits

3

are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts. Competence usually requires that the witness have first-hand knowledge, and witnesses are generally not competent to testify to what they suspect the facts are.

*Sweeney v. Kirby*, 2013 ND 9, ¶ 5, 826 N.W.2d 330 (cleaned up).

[¶8]   Anderson argues W.D.P.'s environment under Pedie's care is endangering his physical or emotional health or is impairing his emotional development. In her affidavit supporting modification, Anderson alleged W.D.P. suffered from cuts and bruises, sleepwalking, pants wet with urine, constipation, a failure to gain weight, and separation anxiety. Anderson does not have personal knowledge of the causes of these events, but speculates they are due to Pedie neglecting his parental responsibilities. Anderson filed two letters from certified nurse practitioners as exhibits to her modification motion. One letter simply states the diagnoses that W.D.P. was being seen for on that visit to the clinic. Another letter states W.D.P. sustained a laceration that in the nurse practitioner's opinion would not have required antibiotics had W.D.P. been evaluated within a few hours of the injury. These letters do not support Anderson's allegation that W.D.P.'s environment under Pedie's care caused or contributed to W.D.P.'s injuries or illnesses. Even if the need for antibiotics referred to in the second letter was due to Pedie's inaction, the isolated incident does not rise to the level of endangering W.D.P.'s physical or emotional health or impairing his emotional development as required by statute.

[¶9]   Anderson also alleges Pedie has refused speech and occupational therapy for W.D.P. However, Anderson acknowledges that W.D.P. is attending Red Door Pediatric Therapy for speech and occupational therapy. Further, Anderson alleges there have been several Child Protective Services ("CPS") reports prepared by mandated reporters concerning W.D.P. She does not identify what those alleged reports state concerning W.D.P., except in one instance where she simply states CPS was investigating a report regarding bruising on W.D.P. Anderson does not allege that CPS has taken any action against Pedie for his care of W.D.P. or recommended any services to him.

4

[¶10] We conclude that Anderson's assertions do not create prima facie evidence that W.D.P.'s environment under Pedie's care is endangering his physical or emotional health or impairing his emotional development.

III

[¶11] Anderson argues the district court erred in awarding Pedie attorney's fees in the amount of $2,000 as a sanction after finding her in contempt of court. Anderson does not challenge the contempt of court finding, but rather the amount of attorney's fees. She contends that because Pedie requested attorney's fees in the amount of $1,500 in his affidavit in support of his contempt motion, the court erred by awarding the increased amount of $2,000 without further findings or reasoning. Anderson does not provide any supporting legal authority for her argument.

[¶12] "The district court has discretion to award attorney's fees as part of a remedial sanction for contempt to reimburse the complainant for costs and expenses incurred as a result of the contempt." *Harvey v. Harvey*, 2016 ND 251, ¶ 7, 888 N.W.2d 543. In Pedie's affidavit in support of his motion for contempt, he stated, "Because of [Anderson]'s violations of the Judgment, I will incur *at least* $1,500 in attorney fees and costs to file this motion and appear at the hearing." (Emphasis added.) After the hearing on the contempt motion, Pedie submitted his closing argument in which he requested "$3,000, as and for a portion of the attorney fees he incurred as a result of [his] contempt motion." Anderson did not object to the $3,000 in attorney's fees. The court ordered as a sanction that Anderson refrain from engaging in further contemptible conduct and pay "a portion of [Pedie's] attorney's fees incurred in the creation and prosecution of this motion," awarding attorney's fees in the amount of $2,000 as a sanction. Anderson does not contend attorney's fees were discussed at the contempt hearing, and did not request a transcript of the hearing. As the appellant, Anderson bears the responsibility of providing a transcript or assumes the consequences of failing to provide one. *See* N.D.R.App.P. 10(b)(1). Accordingly, the court did not abuse its discretion by awarding Pedie attorney's fees in the amount of $2,000 for Anderson's contempt of court.

## IV

[¶13] Pedie requests sanctions on appeal against Anderson for violating N.D.R.App.P. 30 (appendix to the briefs) and N.D.R.App.P. 31 (filing and service of briefs). Under N.D.R.App.P. 13, we "may take appropriate action against any person failing to perform an act required by rule or court order." "Whether to administer sanctions under N.D.R.App.P. 13 for noncompliance with the Rules of Appellate Procedure is discretionary with this Court." *Krump-Wootton v. Krump*, 2019 ND 275, ¶ 7, 935 N.W.2d 534. We have examined the alleged violations of the appellate rules, and we decline to exercise our discretion to award sanctions on appeal.

## V

[¶14] We affirm the order denying Anderson's motion to modify residential responsibility and the contempt order awarding attorney's fees, and deny sanctions on appeal.

[¶15] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte