2017 ND 21

**Joni TILLICH, Nichole LaFloe, Shawn Marcellais, Lisa DeCoteau, and Lynn Boughey, Plaintiffs and Appellees**

v.

**Don BRUCE, Vinier "Poin" Davis, and Linda Davis, Defendants and Appellants**

No. 20160094

Supreme Court of North Dakota.

Filed 2/16/2017

Lynn M. Boughey, Box 836, Bismarck, ND 58502–0836, for plaintiffs and appellees.

Larry M. Baer, 1550 South Deer Road, West Des Moines, IA 50266, for defendants and appellants.

Kapsner, Justice.

[¶ 1] Don Bruce, Vinier Davis, and Linda Davis ("Defendants") appeal from a judgment granting their motion to dismiss and denying their request for attorney fees. We reverse the district court's denial of the Defendants' request for attorney fees under N.D.C.C. § 28–26–01(2) and remand for calculation of attorney fees based upon accepted factors and order the district court award attorney fees to the Defendants.

I

[¶ 2] On January 5, 2015, Joni Tillich, Nicole LaFloe, Shawn Marcellais, Lisa DeCoteau, and Lynn Boughey ("Plaintiffs") filed an action in district court against the Defendants. The complaint alleged a tort claim for abuse of process based upon the Defendants filing an action against the Plaintiffs in Turtle Mountain Tribal Court. The Defendants answered the complaint and raised defenses of lack of subject matter jurisdiction, lack of personal jurisdiction, and alleged the claim to be frivolous. The Defendants also filed a motion to dismiss for lack of subject matter and personal jurisdiction and requested attorney fees and statutory costs for defending the action. The Defendants filed and served several discovery requests and motions including interrogatories, requests for production, notice of deposition, subpoena duces tecum, and motions to command compliance with subpoena and to command attendance at deposition. The case was not assigned to a district court judge until March 11, 2015.

[¶ 3] After a hearing on the motion to dismiss for lack of subject matter jurisdiction, the district court converted the motion to dismiss into a motion for summary judgment because matters outside the pleadings were presented. The Defendants' argument the district court lacked jurisdiction was based upon the fact the Plaintiffs' action was a tort claim against members of a federally recognized Indian tribe for actions alleged to have occurred between tribal members within the exterior boundaries of the Turtle Mountain Indian Reservation. The parties submitted

affidavits and supplemental briefs at the direction of the district court.

[¶ 4] The district court granted the motion for summary judgment and dismissed the action without prejudice. In its order, the district court found the Plaintiffs' action was frivolous and stated the Defendants were entitled to an award of reasonable costs and attorney fees under N.D.C.C. § 28–26–01(2). In making the determination of amount and reasonableness of attorney fees to be awarded, the court noted the rate and time spent on the billed activities appeared to be appropriate. The court then made an analysis of the reasonableness of attorney fees as something "also ... measured in the totality of circumstances relating to the time and resources committed to the motion and the necessity for it[.]" The court weighed conduct by both parties in the proceedings and the presence of another action involving both attorneys and a similar jurisdictional issue. The court ultimately denied the Defendants' request for attorney fees, determining no fees should be awarded in the case after "[t]aking into account fees and expenses previously awarded in the companion case, 40–2015–CV–3." An inaccuracy in the judgment following the district court's order was found and corrected. The district court entered a corrected judgment on May 12, 2016. The Defendants appealed from the corrected judgment entered May 12, 2016.

## II

[¶ 5] The Defendants argue the district court erred by denying their request for attorney fees after finding the Plaintiffs' claim to be frivolous. Under North Dakota law, the general rule is each party bears its own attorney fees absent statutory or contractual authority. Strand v. Cass Cty., 2008 ND 149, ¶ 9, 753 N.W.2d 872. "The district court has authority to stem abuses of the judicial process, which comes not only from applicable rules and statutes ... but from the court's inherent power to control its docket and to protect its jurisdiction and judgments, the integrity of the court, and the orderly and expeditious administration of justice." Estate of Pedro v. Scheeler, 2014 ND 237, ¶ 14, 856 N.W.2d 775 (quoting Federal Land Bank v. Ziebarth, 520 N.W.2d 51, 58 (N.D. 1994)).

[¶ 6] The Defendants requested attorney fees under N.D.C.C. § 28–26–01(2) at the district court. The Defendants argue N.D.C.C. § 28–26–01(2) requires a district court to award attorney fees once it makes a finding an action is frivolous. Section 28–26–01(2), N.D.C.C., provides:

In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim. This subsection does not require the award of costs or fees against an attorney or party advancing a claim unwarranted under existing law, if it is supported by a good-faith argument for an extension, modification, or reversal of the existing law.

This Court has previously interpreted this statute as granting limited discretion to the district court. "Based upon this statute's language ... the district court's decision whether to award attorney's fees is not completely within the court's discretion." Strand, 2008 ND 149, ¶ 12, 753

N.W.2d 872. "The plain language of this statute requires courts in civil actions to award costs and fees, including attorney's fees, upon finding a claim for relief was frivolous, providing the prevailing party pled the alleged frivolousness of the claim." Id. at ¶ 11. The record indicates the Defendants pled the alleged frivolousness of the Plaintiffs' claim in their answer.

[¶ 7] "Under N.D.C.C. § 28–26–01(2), the district court has discretion to decide whether a claim is frivolous and to determine the amount and reasonableness of an award of attorney fees. But when the court decides a claim is frivolous, it must award attorney fees." Service Oil, Inc. v. Gjestvang, 2015 ND 77, ¶ 47, 861 N.W.2d 490. See, e.g., Wolt v. Wolt, 2011 ND 170, ¶ 25, 803 N.W.2d 534 (stating the district court must award reasonable attorney fees under N.D.C.C. § 28–26–01(2) if it determines the claim is frivolous). "A court's discretionary determinations under N.D.C.C. § 28–26–01(2) will not be overturned on appeal absent an abuse of discretion." Sagebrush Res., LLC v. Peterson, 2014 ND 3, ¶ 15, 841 N.W.2d 705. A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law. Id. at ¶ 17.

### III

[¶ 8] The Plaintiffs argue the district court erred by finding the action to be frivolous, or failing to find the action was pursued based on a good-faith argument to change existing law. The Plaintiffs ask this Court to affirm the judgment based on this reasoning. The Plaintiffs filed no cross-appeal in this case. "[A]n appellee for whom a favorable judgment was entered may, without a cross-appeal, attempt to save the judgment by urging any ground raised in the trial court." Martin v. Trinity Hosp., 2008 ND 176, ¶ 40, 755 N.W.2d 900. This Court has recognized it is "unnecessary for an appellee to file a cross-appeal if the judgment below is entirely favorable." Id. Here, the judgment below was not entirely favorable to the Plaintiffs. Their claim was dismissed on the Defendants' motion, and the district court made a finding the claim was frivolous. Absent cross-appeal, the Plaintiffs failed to properly raise this issue. We decline the Plaintiffs' invitation to re-examine the district court's finding of frivolousness.

### IV

[¶ 9] Under N.D.C.C. § 28–26–01(2), the district court has discretion to determine the amount and reasonableness of attorney fees after finding an action frivolous. Rath v. Rath, 2016 ND 46, ¶ 26, 876 N.W.2d 474. The district court found the Plaintiffs' claim was frivolous, stated the Defendants were entitled to an award under N.D.C.C. § 28–26–01(2), analyzed the amount and reasonableness of the attorney fees to be awarded, and ultimately denied the request for attorney fees. A tenuous argument may be made that a district court, within its discretion to determine the amount of attorney fees, may order an award of zero dollars. However, this interpretation would render portions of the statute meaningless. Section 28–26–01(2), N.D.C.C., states, "the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party." (Emphasis added). "We construe statutes in a way which does not render them meaningless because we presume the Legislature acts with purpose and does not perform idle acts." Meier v. N.D. Dep't of Human Servs., 2012 ND 134, ¶ 10, 818 N.W.2d 774.

[¶ 10] Section 28–26–01(2), N.D.C.C., gives discretion to the district court to decline a request for attorney fees if a plaintiff's action is based on a good-faith argument for a change in existing law: "[t]his subsection does not require the award of costs or fees against an attorney or party advancing a claim unwarranted under existing law, if it is supported by a good-faith argument for an extension, modification, or reversal of the existing law." The district court found the Plaintiffs failed to raise a valid argument for extension or modification of the law on the jurisdiction of the state courts to hear cases arising on the reservation between tribal members. Specifically, the district court found:

> While the Plaintiffs' frustration is evident, the "good-faith" argument did not contain even a scintilla of legal foundation in support of the proposition that state law could be changed by the court to allow the state court to intervene in matters occurring between tribal members of a federally recognized tribe within the exterior boundaries of the reservation.

The statute's exception for an unwarranted claim based upon a "good-faith argument for an extension, modification, or reversal of the existing law" is inapplicable to this case. Moreover, the district court noted the Plaintiffs conceded dismissal without prejudice was appropriate.

[¶ 11] The Defendants contend the district court's order was contradictory and argue the district court improperly considered a second separate civil action defended by the same counsel. We agree. Generally, a court "should not rely on any single item in determining reasonable attorney fees[,]" and the "number of hours spent in total and the rate per hour are the predominant factors in determining reasonable attorney fees." Bismarck v. Thom, 261 N.W.2d 640, 646 (N.D. 1977). "The trial court is considered an expert in determining the amount of attorney fees." Wahl v. Northern Improvement Co., 2011 ND 146, ¶ 17, 800 N.W.2d 700. "There are numerous factors for the trial court to consider in determining the reasonableness of attorney fees, including: the time and labor required; the novelty and difficulty of the questions involved; the skill required to properly perform the legal services; the customary fee; and the result obtained." Id. This Court has indicated the factors listed in N.D.R.Prof. Conduct 1.5(a) guide a district court in determining the reasonableness of an award of attorney fees. T.F. James Co. v. Vakoch, 2001 ND 112, ¶ 23, 628 N.W.2d 298. Rule 1.5(a), N.D.R.Prof. Conduct, lists the following factors to be considered:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

[¶ 12] The district court examined several of the above-listed factors in determining the amount of attorney fees to be

awarded in the case. In its order, the court stated:

> [T]he Plaintiffs' action is frivolous with no basis in law as a state district court action. The Defendants are entitled to an award of costs, including reasonable attorney's fees, pursuant to N.D.C.C. 28–26–01(2). . . .
>
> Defendants' legal counsel charged for his time and at a rate of $250.00 per hour—a rate common in North Dakota. The issue was of some complexity in the Indian law, and jurisdiction is an area few attorneys are called upon to address in their practice. The defendants' legal counsel received favorable results for his efforts and had to take it through motion proceedings to do so with some exception as hereafter noted. The time spent on the itemized activities appears appropriate.

The above factors are those which this Court has recognized as appropriate for a district court to rely on in determining reasonable attorney fees.

[¶ 13] The district court then applied a "totality of circumstances" analysis to the reasonableness of attorney fees. The court indicated the Plaintiffs had made some efforts to settle the suit, but recognized the Plaintiffs could have moved to dismiss the action on their own. The district court continued its analysis:

> But whether the Defendants are entitled to reasonable attorney's fees and expenses in this action must also take into account their own conduct. The fees in both cases suggest some commingling of activity which is understandable. The bill filed in [this case] includes $12,187.50 "per January 23, 2015 statement." These fees are not itemized and will not be considered in this specific action. The statement also includes costs. The rest of the fees in this action relate to events on February 13, 2015 and thereafter.
>
> <u>Taking into account fees and expenses previously awarded in the companion case, 40–2015–CV–3, I find that no additional fees and expenses should be awarded in this action</u>. . . . When scheduling depositions, it was inappropriate for Defendants' attorney to schedule the same without consulting opposing counsel. All this conduct did was to invite this type of response. That resulted in the additional time and resources being taxed to the parties and the Court also being unnecessarily taxed. Unilaterally specifying a date and time for production of documents resulted in the same consequences and unnecessarily taxing the parties' and court's resources. In reviewing the additional legal fees and expenses submitted in this action and considering all of the factors, no amount should be awarded (except as allowed in 40–2015–CV–3).

(Emphasis added.)

[¶ 14] The record shows the district court held a hearing at which the Defendants' counsel appeared telephonically. The two cases referenced above had the same counsel, but different parties, and both involved similar, but not identical, questions of jurisdiction relating to tribal membership. The district court heard arguments in the present case and also discussed the other, separate case, which named a different defendant. It was improper for the district court to rely solely on information in a separate case to determine the attorney fees to be awarded in this case. This Court has not previously had occasion to recognize consideration of separate civil actions as a valid factor for determining the amount and reasonableness of attorney fees under N.D.C.C. § 28–26–01(2). It is important to note the other action, while having the same coun-

sel of record, named a different defendant. If no attorney fees were awarded in either case, different individual clients would have paid their attorney's respective fees. The factors which have been accepted as proper for this determination have been outlined above. The record also indicates the Defendants' counsel provided the court with itemized fee statements at several times during the course of the litigation.

[¶ 15] The district court noted its disagreement with the Defendants' actions in discovery. Specifically, the district court disapproved of the Defendants' behavior regarding requests for production and the manner in which the Defendants noticed a deposition of the opposing party/attorney. The district court noted the Defendants' attorney had unilaterally selected a time and place for a deposition and production of documents, despite the fact the Plaintiffs' attorney advised the Defendants' attorney of his unavailability. The Plaintiffs moved for a protective order after the Defendants noticed a deposition of attorney/party Boughey. The district court indicated its opinion the Defendants' behavior added unnecessary time and expense to discovery.

[¶ 16] While the district court has discretion to determine the amount and reasonableness of attorney fees under N.D.C.C. § 28–26–01(2), the district court abused its discretion by failing to award any attorney fees after finding the Plaintiffs' action was frivolous and unsupported by any good faith argument for a modification of the law. No caselaw indicates the district court is without discretion to limit an award of attorney fees based on the moving party's behavior in discovery. However, the reasons given by the district court in this case do not justify a complete denial of attorney fees to the Defendants. The order indicates the district court viewed at least a portion of the work done by the Defen-

dants' counsel as necessary, appropriate, and competent. The district court stated, "[t]he defendants' legal counsel received favorable results for his efforts and had to take it through motion proceedings to do so with some exception as hereafter noted. The time spent on the itemized activities appears appropriate." As a result, the district court abused its discretion by completely denying the Defendants' request for attorney fees after finding the Plaintiffs' action was frivolous.

[¶ 17] The district court misapplied the law, and its order is not "the product of a rational mental process leading to a reasoned decision." Datz v. Dosch, 2014 ND 102, ¶ 22, 846 N.W.2d 724. The Defendants raised the alleged frivolousness of the Plaintiffs' claim in their responsive pleadings, and the district court found the Plaintiffs' action to be frivolous. Both are prerequisites to an award of attorney fees under N.D.C.C. § 28–26–01(2). The order then stated the Defendants were entitled to an award of attorney fees. After additional analysis, the district court denied the Defendants' request for attorney fees. This Court has indicated under N.D.C.C. § 28–26–01(2), "when the court decides a claim is frivolous, the court must award attorney fees." Rath, 2016 ND 46, ¶ 26, 876 N.W.2d 474 (quoting Estate of Pedro, 2014 ND 237, ¶ 14, 856 N.W.2d 775). Accordingly, we reverse the district court's denial of the Defendants' request for attorney fees and remand with instructions to the district court to award attorney fees to the Defendants after calculation of an award of fees based upon the accepted factors outlined above.

[¶ 18] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom, S.J.

[¶ 19] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.

VandeWalle, Chief Justice, concurring specially.

[¶ 20] I understand the district court stated the action was "frivolous" not because the underlying claim was necessarily frivolous but, rather, that the claim was brought in a North Dakota state court when the court clearly held no jurisdiction over the action because the defendants were members of a recognized Indian tribe. If the underlying claim had been without any merit, presumably it would not have been dismissed without prejudice although it is unclear to me whether a court which has no jurisdiction can dismiss a claim for any reason other than a lack of jurisdiction, whether or not the claim has merit. In any event, here the trial court, although it found the action to be frivolous, did dismiss without prejudice and did not assess any attorney fees. Whether or not the trial court believed the claim was frivolous, in the wording of N.D.C.C. § 28–26–01(2), that, upon a finding that a "claim for relief" was frivolous the court must award attorney fees, is left to be explained in light of the dismissal without prejudice. While I agree the matter should be remanded, the trial court should have the opportunity to further explain its rationale for not awarding attorney fees and, if it determines to award attorney fees, to consider it dismissed for lack of jurisdiction rather than because the underlying "claim for relief" was frivolous.

[¶ 21] Gerald W. VandeWalle, C.J.