Tufte, Justice.
[¶ 1] Roland Riemers appeals from a district court judgment awarding CHS Inc. attorney's fees and costs, and from an order denying Riemers' motion to reopen the case and close judgment. Riemers also moves for vacation of the district court's "Corrected Amended Judgment." Because the district court did not abuse its discretion by awarding CHS attorney's fees and costs on the basis of a frivolous motion, we affirm the district court judgment. However, because the order denying Riemers' motion to reopen the case and close judgment reflects that the amount owing to CHS is $679.08, instead of the correct amount of $549.08, we modify the order, stating that $549.08 is the outstanding principal balance on the Amended Judgment. Because the district court lacked *191 jurisdiction, we vacate the Corrected Amended Judgment.
I
[¶ 2] In March 2016, CHS was awarded a money judgment against Riemers in the amount of $38,889. In April 2016, Riemers deposited $41,100 into an Alerus Bank account, apparently to be used for garnishment by CHS. In May 2016, on the motion of CHS, the district court entered an amended judgment ("Amended Judgment") in the sum of $41,793.72 to reflect the prejudgment interest accrued. We summarily affirmed the Amended Judgment as modified, reducing the prejudgment interest amount by $70.07. See CHS Inc. v. Riemers , 2016 ND 233, ¶ 1, 888 N.W.2d 205. CHS began collecting on the Amended Judgment by garnishing funds that Riemers held at Alerus Bank and Citizens Community Credit Union.
[¶ 3] In March 2017, Riemers moved to reopen the case and close judgment ("Motion to Reopen"), arguing that the Amended Judgment had been fully satisfied. In its brief opposing the motion ("Return to Riemers' Motion to Reopen"), CHS moved for attorney's fees and costs. After a hearing, the district court denied Riemers' motion and awarded CHS attorney's fees and costs in the sum of $1,628.55, concluding the motion and arguments made therein were frivolous ("Sanction Order").
[¶ 4] Riemers filed a notice of appeal on August 30, 2017. Oral argument was heard on February 13, 2018. On February 12, 2018, the district court entered into the record a proposed judgment from CHS, which stated Riemers owed $549.08 on the Amended Judgment. The district court adopted that judgment ("Corrected Amended Judgment") on February 14, 2018.
II
[¶ 5] Riemers argues that the district court abused its discretion in awarding CHS attorney's fees and costs. "The district court has authority to stem abuses of the judicial process, which comes not only from applicable rules and statutes ... but 'from the court's inherent power to control its docket and to protect its jurisdiction and judgments, the integrity of the court, and the orderly and expeditious administration of justice.' " Estate of Pedro , 2014 ND 237, ¶ 14, 856 N.W.2d 775 (quoting Federal Land Bank v. Ziebarth , 520 N.W.2d 51, 58 (N.D. 1994) ).
[¶ 6] CHS requested attorney's fees under N.D.C.C. § 28-26-01(2), which provides:
In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim. This subsection does not require the award of costs or fees against an attorney or party advancing a claim unwarranted under existing law, if it is supported by a good-faith argument for an extension, modification, or reversal of the existing law.
The district court has discretion to determine whether a claim is frivolous and to determine the reasonable amount of an award of attorney's fees. Tillich v. Bruce , 2017 ND 21, ¶ 7, 889 N.W.2d 899. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable *192 manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." Id.
A
[¶ 7] The plain language of § 28-26-01(2)"requires courts in civil actions to award costs and fees, including attorney's fees, upon finding a claim for relief was frivolous, providing the prevailing party pled the alleged frivolousness of the claim." Strand v. Cass Cty. , 2008 ND 149, ¶ 11, 753 N.W.2d 872. In CHS's Return to Riemers' Motion to Reopen, CHS alleged that Riemers' claim of satisfying the Amended Judgment was frivolous. The district court concluded that Riemers' "lack of verification concerning [his] claims demonstrates that his motion to reopen this case is frivolous and without legal or factual support."
[¶ 8] Riemers argues that the district court sanctioned him under N.D.R.Civ.P. 11, as opposed to § 28-26-01(2). Thus, he argues he was improperly denied the procedural protections of Rule 11, such as the 21-day safe harbor period to withdraw or correct his Motion to Reopen. See N.D.R.Civ.P. 11(c)(2). Although the district court did not explicitly state which statute or rule it was relying upon to award attorney's fees and costs, if the Motion to Reopen was frivolous, the district court is required, pursuant to § 28-26-01(2), to award attorney's fees and costs. See also First Nat'l Bank of Belfield v. Burich , 367 N.W.2d 148, 154 (N.D. 1985) (quotation omitted) (stating, "[A]lthough the trial court's legal rationale for its award was incorrect, the award itself was not. A correct outcome will not be set aside merely because the trial court assigned an incorrect reason for its decision if the results are the same under applicable reasons."). Application of § 28-26-01(2) was proper.
[¶ 9] Alternatively, Riemers argues that if the district court awarded attorney's fees and costs under § 28-26-01(2), it abused its discretion because his Motion to Reopen is not a "claim for relief." See N.D.C.C. § 28-26-01(2) (requiring a "claim for relief" to be frivolous). Riemers contends that "only 'claims for relief' in 'pleadings' identified in N.D.R.Civ.P. 7(a) are subject to potential sanctions under N.D.C.C. § 28-26-01(2)." For support, Riemers cites Deacon's Dev., LLP v. Lamb , 2006 ND 172, 719 N.W.2d 379. He argues that a claim for relief must be stated in a pleading listed in N.D.R.Civ.P. 7(a). Our decision in Deacon's Development did not distinguish between a claim raised in a pleading or in a motion during litigation. Id. at ¶¶ 15-16. We held that positions asserted prior to ligation cannot be "claims for relief" subject to an award of costs and attorney's fees under § 28-26-01(2). Id. at ¶ 16. In Estate of Pedro , the district court denied a motion for a supplementary inventory and awarded attorney's fees to the non-movant. 2014 ND 237, ¶ 1, 856 N.W.2d 775. On appeal, we held that under § 28-26-01(2), the district court did not abuse its discretion by awarding attorney's fees. Id. at ¶¶ 14-15. Likewise, Riemers may be assessed attorney's fees and costs under § 28-26-01(2) for moving to reopen the case if his arguments were frivolous.
B
[¶ 10] Riemers argues the district court erred by concluding that his Motion to Reopen was frivolous. "A claim for relief is frivolous under N.D.C.C. § 28-26-01(2) only if there is such a complete absence of actual facts or law a reasonable person could not have expected a court would render a judgment in that person's favor." Id. at ¶ 14.
*193 [¶ 11] Riemers argues that the Amended Judgment had been fully satisfied, and thus his Motion to Reopen was not frivolous. Riemers contends that the district court erred in calculating his outstanding balance on the Amended Judgement. He provides little support from the record, and the support he does provide does not advance his argument that the Motion to Reopen was not frivolous. We agree with Riemers that the district court erred in adding $130 to the outstanding balance calculated in its Sanction Order. This amount was returned to an Alerus account by CHS because it belonged to Riemers' son, not Riemers. In its Sanction Order, the district court did not subtract this amount; thus it erred in adding this amount to the outstanding balance. The outstanding principal balance should have been $549.08. CHS conceded this error at oral argument and agreed that $549.08 was the correct amount owed. However, because Riemers did not have standing to object to the collection of this amount at the district court since he did not have an ownership interest in the $130, his Motion to Reopen remained frivolous in its entirety.
[¶ 12] Further, Riemers argues that the district court miscalculated his outstanding balance because it impermissibly compounded interest. Although post-judgment interest cannot be compounded, see N.D.C.C. § 28-20-34, such was not the case here. Post-judgment interest can accrue on a judgment that includes prejudgment costs and interest. See Roise v. Kurtz , 1998 ND 228, ¶ 22, 587 N.W.2d 573 (Sandstrom, J., dissenting) (stating, "Prejudgment interest is normally designed to make the plaintiff whole and is part of the actual damages sought to be recovered."); N.D.C.C. § 28-26-06 (stating that disbursements are taxed as a part of the judgment); N.D.C.C. § 28-20-36 (stating, "If the payment exceeds the costs and interest, the excess amount must be applied toward discharging the judgment amount, and the subsequent interest is to be computed on the balance of the judgment amount remaining due.").
[¶ 13] Alternatively, Riemers argues that he fully satisfied the Amended Judgment by depositing $41,100 into an Alerus account. He argues that he tendered full performance because he believed the $41,100 would cover his outstanding balance, that he informed CHS of the deposit, and that he told Alerus to fully pay the Amended Judgment. He contends that these actions "extinguished any further obligation Riemers [or his property] had in the garnishment proceedings as of the date of the offer." This argument is without merit. Riemers' outstanding balance on the Amended Judgment is not extinguished by his belief that he fully paid or by his intention of fully paying. At all times, Riemers had an outstanding balance.
[¶ 14] Riemers also raises several contentions not raised at the district court: that CHS's partial satisfactions of judgment and the Clerk of Court's records indicated the Amended Judgment had been fully satisfied; that the $70.07 by which we reduced the prejudgment interest on the Amended Judgment, see CHS Inc. v. Riemers , 2016 ND 233, ¶ 1, 888 N.W.2d 205, impermissibly accrued interest; and that CHS did not follow proper procedure for garnishment, pursuant to statute or rule. Because these contentions were not raised before the district court, we do not consider them now. See Beeter v. Sawyer Disposal LLC , 2009 ND 153, ¶ 20, 771 N.W.2d 282.
[¶ 15] For these reasons, Riemers has not shown that the district court abused its discretion by awarding CHS attorney's *194 fees and costs on the basis of a frivolous motion.
III
[¶ 16] Riemers moves this Court to vacate the Corrected Amended Judgment. The Corrected Amended Judgment ordered that CHS is entitled to recover from Riemers the principal amount of $549.08, which is the amount remaining on the Amended Judgment, plus post-judgment interest and costs. We have said,
"Generally, a district court loses jurisdiction when a notice of appeal is filed." "The jurisdiction of the Supreme Court attaches upon the filing of the appeal, and generally the trial court has no further jurisdiction in the matter." Further, "[a]n order or judgment entered by the trial court after an appeal has been filed is ordinarily void for lack of jurisdiction."
Matter of S.E. , 2012 ND 168, ¶ 9, 820 N.W.2d 389 (citations omitted). "It is only when this Court issues its mandate that jurisdiction is returned to the district court." Rath v. Rath , 2017 ND 80, ¶ 11, 892 N.W.2d 205. Because the district court entered judgment after an appeal was filed, the district court lacked jurisdiction. Thus, the Corrected Amended Judgment is vacated.
[¶ 17] Riemers seeks sanctions from CHS and its attorneys under N.D.R.App.P. 13 for filing the proposed judgment in the district court. We decline to award sanctions.
IV
[¶ 18] Because the district court did not abuse its discretion by awarding CHS attorney's fees and costs on the basis of claim raised in a frivolous motion, we affirm the district court judgment. However, because the Sanction Order reflects that the amount owing to CHS is $679.08, instead of the correct amount of $549.08, we modify the order, stating that $549.08 is the outstanding principal balance on the Amended Judgment. Because the district court lacked jurisdiction, we vacate the Corrected Amended Judgment.
[¶ 19] Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Gerald W. VandeWalle, C.J.
[¶ 20] The Honorable Gary H. Lee, D.J., sitting in place of Jensen, J., disqualified.