# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 215

DCI Credit Services, Inc.,                                        Plaintiff and Appellant

     v.

Nicholas Plemper,                                          Defendant and Appellee

### No. 20210183

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

Opinion of the Court by VandeWalle, Justice.

Elise A. Fischer (argued) and Theresa L. Kellington (on brief), Bismarck, ND, for plaintiff and appellant.

Ariston E. Johnson, Watford City, ND, for defendant and appellee.

**VandeWalle, Justice.**

[¶1]   DCI Credit Services, Inc. ("DCI") appealed from a district court's order denying its request to vacate the order granting summary judgment under N.D.R.Civ.P. 60(b) and awarding costs and attorney's fees to Nicholas Plemper. DCI also appealed from a district court judgment dismissing the complaint with prejudice and awarding Plemper costs and attorney's fees in the amount of $1,625.00. DCI argues the court erred in denying its motion to vacate because its late attorney kept his illness a secret. DCI also argues the court abused its discretion in awarding costs and attorney's fees to Plemper. We affirm in part the district court's order denying DCI's motion to vacate the order. We reverse in part the court's order awarding costs and attorney's fees and reverse in part the judgment awarding costs and attorney's fees to Plemper in the amount of $1,625.00.

I

[¶2]   DCI commenced this action in May 2020. DCI alleged Plemper owed $4,321.00 to Bakken Property Management for goods and/or services and that the claim had been assigned to DCI for good consideration. In September 2020, the district court granted DCI's motion for default judgment. The court entered its findings of fact, conclusions of law and order for judgment and judgment by default in the amount of $4,397.50.

[¶3]   In October 2020, the district court granted Plemper's motion for relief from judgment. DCI did not file a response to Plemper's motion. In November 2020, Plemper moved for summary judgment. Plemper also requested the court find DCI's claim frivolous under N.D.C.C. § 28-26-01(2). There were settlement negotiations among the parties between the time of filing the motion for summary judgment and the court's order. The parties exchanged emails agreeing that the matter should be dismissed but disagreed on whether costs should be awarded. In December 2020, without a response from DCI, the court granted Plemper's motion for summary judgment and directed the clerk to

enter judgment dismissing the complaint with prejudice and awarding Plemper his actual and statutory costs and disbursements, including reasonable attorney's fees.

[¶4]   Daniel Oster, attorney for DCI, was seriously ill for about six months before he passed away on January 11, 2021. In February 2021, DCI filed a motion to vacate the order granting Plemper's motion for summary judgment. In its brief in support of its motion, DCI requested relief under N.D.R.Civ.P. 60(b) but did not state which subsection applied. Rather, DCI made the request on the following grounds: (1) Oster was not in good health during the time of the filing of the motion for summary judgment and (2) there was ongoing settlement negotiations. Plemper filed a brief in opposition to the motion to vacate and requested the district court amend the existing judgment to add the attorney's fees incurred in responding to the motion. The court denied DCI's motion reasoning it failed to meet its burden and directed the clerk to enter judgment of dismissal and enter an award in favor of Plemper of actual and statutory costs and disbursements, including reasonable attorney's fees.

## II

[¶5]   DCI argues the district court erred in denying its request for relief because Oster kept his illness a secret which provides good reason under N.D.R.Civ.P. 60(b)(2) to vacate the judgment and Oster's illness caused its failure to respond which constitutes excusable neglect under N.D.R.Civ.P. 60(b)(1). Additionally, DCI argues that "[a]n attorney falling as ill as Mr. Oster while keeping it a secret from his friends, family, and co-workers are what make this instance extraordinary" under N.D.R.Civ.P. 60(b)(6).

[¶6]   Rule 60(b), N.D.R.Civ.P., reads in part, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that justifies relief."

[¶7]   In general, the standard of review for motions under N.D.R.Civ.P. 60(b) is abuse of discretion. *Davis v. Davis*, 2021 ND 24, ¶ 5, 955 N.W.2d 117. On appeal, a party seeking to disturb the finality of judgment under Rule 60(b) bears a heavy burden, which this Court has previously recognized:

> An abuse of discretion by the trial court is never assumed and must be affirmatively established. An abuse of discretion is defined as an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. A movant for relief under Rule 60(b) has a burden of establishing sufficient grounds for disturbing the finality of the judgment. The moving party must also show more than that the lower court made a "poor" decision, but that it positively abused the discretion it has in administering the rule. We will not overturn that court's decision merely because it is not the one we may have made if we were deciding the motion.

*US Bank Nat. Ass'n v. Arnold*, 2001 ND 130, ¶ 23, 631 N.W.2d 150 (quoting *First Nat'l Bank of Crosby v. Bjorgen,* 389 N.W.2d 789, 794-95 (N.D. 1986)).

[¶8]   DCI's brief in support of its motion did not specify which subsection of N.D.R.Civ.P. 60(b) applied, rather DCI argued the request was being made based on: (1) Oster was not in good health during the time of the filing of the motion for summary judgment and (2) there were ongoing settlement negotiations for which DCI believed a resolution had been reached. Here, the district court held DCI failed to meet the burden entitling it to Rule 60 relief because it did not identify the specific grounds by which the court should grant relief. *Hatch v. Hatch*, 484 N.W.2d 283, 286 (N.D. 1992) ("A mere recitation of the grounds set forth to Rule 60(b), N.D.R.Civ.P., without specific details underlying such assertions, is not sufficient to afford relief." (quoting *Fleck v. Fleck*, 337 N.W.2d 786, 790 (N.D. 1983)).

[¶9]   Additionally, the district court reasoned that "[e]ven analyzing this case under ground 6, 'any other reason that justifies relief,' the Plaintiff's motion would still fail." The court pointed to an email where DCI conceded that the matter should be dismissed. The court noted that "[t]o vacate the summary judgment at this point would drive up the costs of litigating this matter to both parties and would be futile."

[¶10] The district court's decision was the product of a rational mental process and was not arbitrary, unconscionable, or unreasonable. The court did not abuse its discretion in denying DCI's motion to vacate the order under N.D.R.Civ.P. 60(b).

III

[¶11] DCI argues the district court abused its discretion in awarding costs and attorney's fees. We agree.

[¶12] "Generally, this Court applies the 'American Rule,' which requires parties to bear their own attorney's fees unless the fees are expressly authorized by statute." *Lizakowski v. Lizakowski*, 2017 ND 91, ¶ 25, 893 N.W.2d 508 (quoting *Walstad v. Walstad*, 2013 ND 176, ¶ 30, 837 N.W.2d 911).

[¶13] Section 28-26-01(2), N.D.C.C., provides:

> In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim. This subsection does not require the award of costs or fees against an attorney or party advancing a claim unwarranted under existing law, if it is supported by a good-faith argument for an extension, modification, or reversal of the existing law.

[¶14] Under N.D.C.C. § 28-26-01(2), a district court has discretion to determine whether a claim is frivolous and the amount and reasonableness of an award of attorney's fees. *CHS Inc. v. Riemers*, 2018 ND 101, ¶ 6, 910 N.W.2d 189. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it

4

misinterprets or misapplies the law." *Id.* (quoting *Tillich v. Bruce*, 2017 ND 21, ¶ 7, 889 N.W.2d 899).

[¶15] In this case, the district court awarded attorney's fees to Plemper, stating:

> Attorney's fees were awarded in the order granting summary judgment pursuant to N.D.C.C. [§] 28-26-01(2). Because the Defendant has had to respond to this motion to vacate an order the Court has already found frivolous, reasonable attorney's fees should be taxed in favor of the Defendant and against the Plaintiff for defending the instant motion.

[¶16] "A court must award attorney's fees under section 28-26-01(2), N.D.C.C., only after it finds the claim is frivolous." *McCarvel v. Perhus*, 2020 ND 267, ¶ 22, 952 N.W.2d 86. There are no findings in the district court's order to support a conclusion that DCI's motion to vacate was frivolous. Rather, the court awarded attorney's fees only because it had previously awarded them in the order granting summary judgment. The court's order did not specifically determine whether DCI's motion was frivolous as required by N.D.C.C. § 28-26-01(2). Further, the plain language of the statute requires the prevailing party to allege the frivolous nature of the claim in a responsive pleading. Here, Plemper simply requested the court to amend the existing judgment to add the attorney's fees incurred in responding to the "baseless motion." Plemper does not cite the statute nor does he allege how DCI's arguments in its motion are "such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor." N.D.C.C. § 28-26-01(2). Therefore, the district court abused its discretion in awarding costs and attorney's fees to Plemper.

IV

[¶17] Plemper argues this appeal is frivolous and requests double costs, including reasonable attorney's fees under N.D.R.App.P. 38. Under N.D.R.App.P. 38 this Court may award attorney's fees if we find that an appeal is frivolous. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences

5

bad faith." *Moody v. Sundley*, 2015 ND 204, ¶ 29, 868 N.W.2d 491 (quoting *Viscito v. Christianson*, 2015 ND 97, ¶ 33, 862 N.W.2d 777). We conclude the appeal is not frivolous and we deny his request.

V

[¶18] We affirm in part the district court's order denying DCI's motion to vacate the order granting summary judgment under N.D.R.Civ.P. 60(b). We reverse in part the court's order awarding costs and attorney's fees and reverse in part the court's judgment awarding costs and attorney's fees to Plemper in the amount of $1,625.00.

[¶19] Jon J. Jensen, C.J.
  Gerald W. VandeWalle
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte