FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JULY 19, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 133

Rebekah J. Dogbe
n/k/a Rebekah Joy Grafsgaard,                                  Plaintiff and Appellee

v.

Derrick G. Dogbe,                                              Defendant and Appellant

and

State of North Dakota,                              Statutory Real Party in Interest

## No. 20230037

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Susan L. Bailey, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

Opinion of the Court by Crothers, Justice.

Victoria C. Hicks, Fargo, ND, for plaintiff and appellee; submitted on brief.

Timothy P. Hill, Fargo, ND, for defendant and appellant; submitted on brief.

**Crothers, Justice.**

[¶1]   Derrick Dogbe appeals from a district court's order denying his motion to modify primary residential responsibility, order denying his motion to vacate the modification order, and order awarding attorney's fees to Rebekah Dogbe, now known as Rebekah Grafsgaard. We affirm that part of the order denying Dogbe's motion to modify primary residential responsibility and reverse those parts of the orders awarding attorney's fees.

I

[¶2]   Dogbe and Grafsgaard married in 2015 and divorced in 2021. Together they have two children. On January 21, 2021, the district court entered judgment awarding Grafsgaard primary residential responsibility of the children. On June 8, 2022, Dogbe moved to modify primary residential responsibility. Grafsgaard opposed the modification.

[¶3]   On November 29, 2022, the district court denied Dogbe's motion to modify, finding Dogbe failed to make a prima facie showing a material change in circumstances exists, and awarding Grafsgaard $1,000 in attorney's fees. On November 30, 2022, Dogbe moved to vacate the order. On January 18, 2023, the court held a hearing on Dogbe's motion to vacate. That same day the court denied Dogbe's motion and awarded Grafsgaard $1,500 in attorney's fees. Dogbe appeals.

II

[¶4]   Dogbe argues the district court erred by denying his motion to modify primary residential responsibility.

[¶5]   The path for a movant to request modification of primary residential responsibility is clearly established by statute and our cases:

> "A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and

1

supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification."

N.D.C.C. § 14-09-06.6(4). Our precedent provides:

> "Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which this Court reviews de novo. 'A prima facie case requires only enough evidence to allow the factfinder to infer the fact at issue and rule in the moving party's favor.' It is a 'bare minimum' and requires only facts which, if proved at an evidentiary hearing, would support a change of primary residential responsibility that could be affirmed if appealed. Allegations alone, however, do not establish a prima facie case, and affidavits must include competent information, which usually requires the affiant to have first-hand knowledge. 'Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts.'"

*Heidt v. Heidt*, 2019 ND 45, ¶ 8, 923 N.W.2d 530 (cleaned up).

[¶6] A party seeking to modify an order establishing primary residential responsibility must present a prima facie case showing modification is necessary to serve the children's best interests. N.D.C.C. § 14-09-06.6. A heightened burden exists when the motion is brought within two years. Section 14-09-06.6(5), N.D.C.C., provides:

> "The court may not modify the primary residential responsibility within the two-year period following the date of entry of an order establishing primary residential responsibility unless the court finds the modification is necessary to serve the best interests of the child and:
>
> > a. The persistent and willful denial or interference with parenting time;

2

> b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or
>
> c. The residential responsibility for the child has changed to the other parent for longer than six months."

[¶7] On June 8, 2022, Dogbe moved to modify primary residential responsibility within two years of the judgment granting primary residential responsibility. In support, he filed a brief, declaration, and financial information. Dogbe was required to make a prima facie showing that a material change in circumstances occurred and modification was in the children's best interests. Under the heightened requirements of N.D.C.C. § 14-09-06.6(5), Dogbe also was required to show that there was persistent interference with his parenting time, that the children were in an environment that may endanger their physical or emotional health or development, or that the residential responsibility of the children changed. N.D.C.C. § 14-09-06.6(4)-(5).

[¶8] Dogbe's brief in support of his motion to modify primary residential responsibility recited the law applicable to a motion to change primary residential responsibility, but he failed to identify pertinent facts or otherwise explain how he met the legal standard. Instead, he merely argued: "Material changes have occurred in the circumstances of the children and the parties in that [Grafsgaard's] physical and mental status have been erratic, unstable, and unsafe for herself and the minor children."

[¶9] Dogbe also filed a declaration in support of modification. He asserted in the declaration that he could not effectively communicate with Grafsgaard, she does not co-parent, she does not encourage a relationship between him and his children, and "[s]he has been withholding our children since 2017 when we started having problems." Dogbe also claimed Grafsgaard let their son play at the park by himself and he was missing for hours. These conclusory allegations are not backed by facts or citation to admissible evidence. *Heidt*, 2019 ND 45, ¶ 8. Dogbe claims Grafsgaard improperly claimed his son on her tax returns but fails to relate how that claim constitutes a material change of circumstances affecting residential responsibility.

3

[¶10] Dogbe's declaration has three additional paragraphs containing claims that he is a superior parent or has acted in the children's best interests. Some of those claims are supported by facts about which he could have had direct knowledge. However, those facts related to events that occurred before the district court's award of primary residential responsibility in 2021 and cannot be used to now establish a material change of circumstances. *See Anderson v. Jenkins*, 2013 ND 167, ¶ 8, 837 N.W.2d 374 (A material change is an "important new fact that was unknown at the time of the prior custody decision.").

[¶11] On this record, Dogbe has not provided competent and admissible evidence supporting his claim that material circumstances have changed. His arguments and conclusions do not establish a prima facie case, and the district court did not err in denying Dogbe's motion to modify primary residential responsibility.

## III

[¶12] Dogbe argues the district court abused its discretion by denying his motion to vacate the award of attorney's fees. He also argues the district court abused its discretion in awarding attorney's fees to Grafsgaard for needing to respond to Dogbe's motion to vacate.

[¶13] "A district court's decision on attorney's fees is reviewed under the abuse of discretion standard." *Sorum v. State*, 2020 ND 175, ¶ 57, 947 N.W.2d 382. Discretion is abused when the court "acts in an arbitrary, unreasonable, or unconscionable manner or when it misapplies the law." *Id.* at ¶ 14.

[¶14] On November 29, 2022, the district court denied Dogbe's motion to modify primary residential responsibility and awarded Grafsgaard $1,000 in attorney's fees. The court's order provides no explanation why attorney's fees were awarded. The order did not cite authority for the award or explain why Dogbe's payment of attorney's fees was warranted, stating in total:

> "This matter came before the Court pursuant to the Defendant's Motion to Amend Judgment, the Honorable Susan Bailey, Judge of the District Court, presiding in chambers. The Court having reviewed the Defendant's Motion, the Brief and Affidavit in

Support, the Plaintiff's responsive pleadings, the record, and the files and pleadings therein, it is HEREBY ORDERED:

> 1) That the Defendant has not met his burden under N.D.C.C. § 14-09-06.6, and that the Defendant has **not** established a prima facie case justifying modification.
> 2) That the Defendant's Motion is denied in its entirety.
> 3) That the Defendant shall pay to the Plaintiff attorney's fees and costs in the amount of $1,000.00 within 30 days of this Order."

(Emphasis in original.)

[¶15] After being sanctioned without explanation, Dogbe moved under N.D.R.Civ.P. 60(b)(6) to vacate part of the order denying his earlier motion. Dogbe argued in his supporting brief that his motion to modify primary residential responsibility was denied under N.D.C.C. § 14-09-06.6(4), and that law does not authorize recovery of a prevailing party's attorney's fees. Dogbe further argued, "There was no finding that the allegations asserted by Defendant had no credibility at all warranting an award of attorney fees and no finding of false allegations under NDCC Section 14-09-06.5." Dogbe's motion to vacate concluded by requesting the district court to strike the award of attorney fees.

[¶16] At the January 18, 2023 hearing on the motion to vacate, Dogbe's counsel made clear that the motion to vacate was limited to the attorney's fees award. He stated: "And just so everyone's clear, on the record, we're asking the Court to reconsider the award of attorney fees, not the Court's decision in denying the prima facie case ruling by this court." Counsel explained:

> "It's our position in these cases, Judge, that the Court makes the determination of whether there's a prima facie case. You determine it on the affidavits. If you don't find that there's a prima facie case, it's denied. And I'm not challenging that, but what we're asking the Court is to reconsider the award of attorney fees."

[¶17] Counsel later reiterated that the motion to vacate was limited to the attorney's fees issue:

5

"Again, we're not challenging what the Court's determination is on the prima facie basis, but it's rare, if ever, that I've seen a prima—case denied with attorney fees. And if there is an order, and there is a basis for either frivolousness or something, there should be some findings of fact as to what the basis is for awarding the fees . . . ."

[¶18] The district court denied Dogbe's motion to vacate the prior award of attorney's fees, stating:

"On November 29, 2022, the Court entered an order denying Defendant's motion for failing to establish a prima facie case justifying modification and awarded Plaintiff attorney's fees and costs in the amount of $1,000.00. Implicit in the Court's awarding of attorney's fees and costs is the Court's determination that Defendant's motion to amend the judgment and modify primary residential responsibility within two years of the prior order was frivolous. N.D.C.C. § 28-26-01 (requiring a court award reasonable costs and attorney's fees to the prevailing party upon finding a claim for relief was frivolous regardless of the good faith of the attorney or party making the claim)."

"On December 2, 2022, Defendant filed a motion to vacate the order denying prima facie case asserting, among other things, that the award of attorney fees was not supported by the evidence. Plaintiff incurred additional attorney's fees responding to the motion to vacate and appearing at the hearing. Defendant did not establish that the Court's determination (that his motion to amend the judgment and modify primary residential responsibility within two years of the prior order was frivolous) was in error. Instead of simply seeking clarification, he demanded an in-person hearing on the motion (at which he chose to not personally appear either in person or through reliable electronic means). The court finds Defendant's motion to vacate the order denying prima facie case was itself frivolous. Thus, Plaintiff is entitled to reasonable attorney's fees and costs."

[¶19] The district court's after-the-fact explanation that the basis for the attorney's fees award was "implicit" is legally inadequate. In *DCI Credit Serv., Inc. v. Plemper*, 2021 ND 215, ¶ 12, 966 N.W.2d 904, this Court relied on a long

6

line of North Dakota cases for the proposition N.D.C.C. § 28-26-01(2) is an exception to the general rule requiring civil litigation parties to bear their own attorney's fees. The Court in *Plemper* recognized N.D.C.C. § 28-26-01(2) authorizes a district court to determine whether a claim is frivolous and, if so, the amount and reasonableness of an award of attorney's fees. *Id*. at ¶ 14. "A court must award attorney's fees under section 28-26-01(2), N.D.C.C., only after it finds the claim is frivolous." *Id*. at ¶ 16 (quoting *McCarvel v. Perhus*, 2020 ND 267, ¶ 22, 952 N.W.2d 86).

[¶20] Here, the district court misapplied the law and therefore abused its discretion when it awarded Grafsgaard $1,000 on the first motion, and awarded $1,500 on the second motion. In the first instance, the court did not identify the basis for the award or make findings supporting its order until called upon by Dogbe's motion to vacate. Without findings or citation to authority, the court's rationale that the frivolous nature of Dogbe's motion could be "inferred" does not withstand scrutiny. This was explained in *Plemper*, 2021 ND 215 at ¶ 16:

> "There are no findings in the district court's order to support a conclusion that DCI's motion to vacate was frivolous. Rather, the court awarded attorney's fees only because it had previously awarded them in the order granting summary judgment. The court's order did not specifically determine whether DCI's motion was frivolous as required by N.D.C.C. § 28-26-01(2)."

In *Plemper* we concluded findings of fact are required and may not be left to inference, even when N.D.C.C. § 28-26-01(2) was cited. *Id*.

[¶21] In this case the district court's second order belatedly concluded Dogbe's first motion was frivolous. This second order cited N.D.C.C. § 28-26-01(2) as support for the first order but still contained no findings. Before awarding attorney's fees, a district court must make findings about why the claim is frivolous and why the requested fees are reasonable. *Plemper*, 2021 ND 215, ¶ 16. The court failed to make either set of findings, and still has not explained why $1,000 was a reasonable award.

[¶22] The district court also misapplied the law and abused its discretion when it awarded Grafsgaard $1,500 in the latest order denying Dogbe's motion to vacate. First, Dogbe's motion to vacate the prior attorney's fees award was meritorious, as we ruled above. By definition, a meritorious motion is not frivolous. *See In re Paige*, 564 B.R. 806, 810 (2016) ("If the claim was meritorious, it could not be frivolous."). Second, while the court cited N.D.C.C. § 28-26-01 in the last order, it made no attempt to explain why Dogbe should be sanctioned for moving to vacate an order containing an unexplained sanction, and which was entered contrary to recent precedent. *See Plemper*, 2021 ND 215. The second order also failed to make findings explaining how or why $1,500 was a reasonable sanction.

[¶23] The awards of attorney's fees are reversed.

## IV

[¶24] Grafsgaard argues this appeal is frivolous and requests $750 in attorney's fees. Under N.D.R.App.P. 38 this Court may award attorney's fees if we find that an appeal is frivolous. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *Moody v. Sundley*, 2015 ND 204, ¶ 29, 868 N.W.2d 491 (quoting *Viscito v. Christianson*, 2015 ND 97, ¶ 33, 862 N.W.2d 777). Because Dogbe prevails on one issue on appeal, his appeal is not frivolous and Grafsgaard's request is denied.

[¶25] We affirm that part of the order denying Dogbe's motion to modify primary residential responsibility and reverse those parts of the orders awarding attorney's fees.

[¶26] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr