# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 32

The Industrial Commission of North Dakota,
acting as the North Dakota
Housing Finance Agency,                                    Plaintiff and Appellee

v.

Carinne Gould, a single woman; any other person
in possession; Donald Ganel,                                    Defendants

        and

Fendee Group, LLC; Fendee Estates I, LLC;
Gary Fendich; and Fendee Estates II, LLC,        Defendants and Appellants

## No. 20230188

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Sarah Aaberg, Fargo, ND, for plaintiff and appellee.

Kevin J. Chapman (argued) and Kari L. Jensen (on brief), Williston, ND, for defendants and appellants Fendee Group LLC, Fendee Estates I, LLC, Fendee Estates II, LLC, and Gary Fendich.

**Crothers, Justice.**

[¶1]   Fendee Group, LLC, in conjunction with Fendee Estates, I, LLC, Fendee Estates, II, LLC, and Gary Fendich (together "Fendee") appeal from a district court's order and judgment granting summary judgment in favor of the North Dakota Industrial Commission, acting through the North Dakota Housing Finance Agency. Fendee argues the court erred by concluding its liens were inferior to NDHFA's mortgage. We affirm.

I

[¶2]   In Williston, Fendee built a housing development that includes a homeowner's association. The declaration of covenants and restrictions, recorded in 2013, allowed Fendee to create covenants for the sub-division. The covenants are numerous, and some sections allow for collection of costs and fees. The home in question was built in this development and had regular assessments of $50.00 per month, subject to increases. Monthly assessments are due on the 10th day of the following month. The covenants do not state an amount of fees due before the HOA can foreclose.

[¶3]   Carinne Gould purchased the home in question. Gould acquired a loan and mortgage through Guaranteed Rate, Inc. Gould signed the note and mortgage on August 30, 2019, and recorded the mortgage on September 5, 2019. On August 31, 2019, Fendee charged Gould a $70.00 fee. On September 6, 2019, Guaranteed assigned its mortgage to the NDIC which was acting on behalf of NDHFA.

[¶4]   After January 15, 2021, Gould failed to make payments on the property and she defaulted on the note. On September 7, 2021, Fendee gave notice by filing its lien, which it recorded on September 24, 2021. Fendee's lien stated Gould owed $3,666.25 in fines, penalties, accrued interest, and legal fees.

[¶5]   On January 25, 2022, NDHFA initiated foreclosure on the property. Gould died in January 2023. Fendee amended its lien on January 30, 2023,

1

claiming an additional $5,401.25 in costs. Fendee recorded the amended lien on February 9, 2023.

[¶6]    Both parties moved for summary judgment and the district court heard arguments. The court determined that NDHFA is entitled to foreclosure on the property and that Gould owes NDHFA $211,697.53. The court also determined Fendee's liens are subordinate to NDHFA's mortgage. The court did not address attorney's fees arising from Fendee's declaration of covenants. The court denied Fendee's motion for summary judgment and concluded NDHFA was entitled to judgment as a matter of law. Fendee timely appealed.

II

[¶7]    Fendee argues the district court erred when it granted summary judgment in favor of NDHFA because Fendee's liens are superior to the NDHFA mortgage lien. Fendee also argues the HOA created a "super lien" allowing Fendee to hold priority over all liens without having debt owed and secured by its lien. Fendee claims the court erred as a matter of law when it did not consider that NDHFA had constructive and actual notice of Fendee's lien. Lastly, Fendee argues the court erred when it disregarded the terms of the declaration of covenants and relied on N.D.C.C. § 47-04.1-11. The dispositive question is who holds the superior lien.

[¶8]    The standard of review for summary judgment is well established:

> "Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the

existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

*Borsheim Builder Supply, Inc. v. Manger Ins., Inc.*, 2018 ND 218, ¶ 7, 917 N.W.2d 504 (citing *Forsman v. Blues, Brews & Bar-B-Ques, Inc.*, 2017 ND 266, ¶ 9, 903 N.W.2d 524). A party who opposes a summary judgment motion cannot rely on "pleadings or on unsupported conclusory allegations," but must "present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact." *Miller v. Nodak Ins. Co.*, 2023 ND 37, ¶ 12, 987 N.W.2d 369; *Bravera Bank v. Craft*, 2023 ND 214, ¶ 18, 997 N.W.2d 829.

[¶9]   "A lien is a charge imposed upon specific property by which it is made security for the performance of an act." N.D.C.C. § 35-01-02. "Other things being equal, different liens upon the same property have priority according to the time of their creation." N.D.C.C. § 35-01-14.

[¶10] In October 2013, Fendee recorded the declaration of covenants. In the declaration Fendee included two sections that it argues create a super lien. Section 9.06(b) provides:

> "Recording of the Declaration constitutes record notice and perfection of the lien. No further recordation of any claim of lien for assessments is required. However, the Board of Directors or managing agent of the Association may prepare, and record in Williams County, North Dakota, a written notice setting forth the amount of the unpaid indebtedness, the name of the Owner of the Unit, and a description of the Unit. If a lien is filed, the costs and expenses thereof shall be added to the assessment for the Unit against which it is filed and collected as part and parcel thereof. The Association's lien may be foreclosed in like manner as a mortgage on real estate."

Section 11.05 provides:

"These Restrictive Covenants shall be superior and senior to any lien hereafter placed upon any portion of the Subject Property, including the lien of any mortgage or deed of trust. Notwithstanding the foregoing, no breach hereof shall defeat, render invalid, diminish or impair the lien of any mortgage or deed of trust made in good faith and for value, but all the covenants and restrictions, and conditions and other provisions, terms and conditions contained in these Restrictive Covenants shall be binding upon and effective against any person or entity (including, but not limited to, any mortgagee or beneficiary under a deed of trust) who acquires title to any real property within the Subject Property or any portion thereof by foreclosure, trustee's sale, deed in lieu of foreclosure, or otherwise."

[¶11] Fendee's claim of a "super lien" fails for several reasons. Under section 9.06(a), "[t]he amount of the lien shall include al (sic) those items set forth in this Section from the time such items become due." Fendee's declaration of covenants did not create a lien because section 9.06(a) only allows for a lien when items, like assessments, become due. No assessments were made until August 31, 2019, and those assessments were not due for payment until September 10, 2019, at the earliest. Therefore, a lien would not exist until September 10, 2019, when the August assessment became due.

[¶12] Fendee's liens were not perfected by September 5, 2019, because its liens did not exist until at least September 10, 2019, when the August assessment became due, or September 24, 2021, when Fendee filed its first lien. On September 5, 2019, Guaranteed recorded a mortgage on the property. On September 6, 2019, Guaranteed assigned its interest in the mortgage to the NDHFA. The dates of Fendee's lien are after Gould's mortgage to Guaranteed Rate, Inc. was recorded and assigned to NDHFA.

[¶13] On September 24, 2021, Fendee recorded a notice of a lien, which included an amount due of $3,666.25 for legal fees, fines for an illegal fence, and accounts payable. On February 2, 2023, Fendee amended its lien to include an additional $5,401.25. The NDHFA lien is superior because its date of perfection is on September 5, 2019, while Fendee perfected its liens in 2021 and 2023 respectively.

4

[¶14] The evidence, when taken in the light most favorable to Fendee, supports summary judgment in favor of NDHFA because its lien perfection date predates Fendee's liens' perfection date. NDHFA's lien is superior.

## III

[¶15] Fendee argues the district court abused its discretion when it did not award attorney's fees under the declaration of covenants.

[¶16] "A district court's decision on attorney's fees is reviewed under the abuse of discretion standard." *Dogbe v. Dogbe*, 2023 ND 133, ¶ 13, 993 N.W.2d 491. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process." *Schmitz v. N.D. State Bd. of Chiropractic Exam'rs*, 2022 ND 52, ¶ 16, 971 N.W.2d 892.

[¶17] "[I]f a court does not rule on a motion, it may be deemed denied." *Alerus Fin., N.A. v. Erwin*, 2018 ND 119, ¶ 12, 911 N.W.2d 296. This Court applies the American Rule, "which requires parties to bear their own attorney's fees unless the fees are expressly authorized by statute." *Lizakowski v. Lizakowski*, 2017 ND 91, ¶ 25, 893 N.W.2d 508. "[T]he amount of fees of attorneys in civil actions must be left to the agreement, express or implied, of the parties" except for when the claim is found to be frivolous. N.D.C.C. § 28-26-01(1) and (2).

[¶18] The declaration of covenants states that the owner or resident of the property is obligated to pay assessments and fees, including attorney's fees. Under the declaration of covenants, attorney's fees are due to the prevailing party and Fendee did not prevail in the district court. Fendee also does not explain how NDHFA would be bound by Gould's obligation to pay attorney's fees, if indeed Gould had that obligation. Therefore, the district court did not err in denying Fendee's request for attorney's fees.

## IV

[¶19] The North Dakota Industrial Commission argues this Court should award attorney's fees because Fendee's appeal is frivolous.

[¶20] "[T]his Court may award attorney's fees if the appeal is frivolous." *Buchholz v. Buchholz*, 2022 ND 203, ¶ 43, 982 N.W.2d 275; *see also* N.D.R.App.P 38 (reasonable attorney's fees may be awarded if an appeal is frivolous). "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *Buchholz*, at ¶ 43. "[C]olorable questions of first impression in this jurisdiction" are not typically frivolous appeals. *In re O.F.*, 2009 ND 177, ¶ 17, 773 N.W.2d 206. The claim of a super lien is a question of first impression. Because of this, the appeal is not frivolous and does not warrant attorney's fees.

V

[¶21] Fendee's lien is inferior to that held by the NDHFA and the district court did not err in granting summary judgment in favor of NDIC or in denying attorney's fees. We affirm.

[¶22] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr